## MERCED MINING COMPANY *v.* FREMONT *et al.*

An injunction is not dissolved or superseded by appeal taken.

Where the District Court granted an injunction, from the order granting which the defendant appealed, and then disobeyed the injunction, whereupon plaintiff asked for an attachment for contempt, which was refused, on the ground that the appeal superseded the injunction: *Held*, that a *mandamus* may issue to compel the District Judge to issue the attachment, the plaintiff's remedy, by appeal, being inadequate.

The law regards the substance more than the form, and where the proceeding, though in form a case of contempt, is in substance a private right, the Appellate Court will compel the Court below to issue an attachment to punish a contempt.

APPLICATION for *mandamus* to the Judge of the Thirteenth Judicial District.

While the proceedings in this case were pending in the Court below, the plaintiffs obtained an order granting an injunction, which was accordingly issued. From this order the defendants appealed to this Court, and gave an undertaking for three hundred dollars. After the appeal was taken, the defendants continued the alleged acts of trespass enjoined by the writ. The plaintiffs applied to the Judge of the District Court for an attachment against defendants for a contempt of Court, in disregarding the injunction. The Judge rejected the application, and refused to inquire into the acts charged. The plaintiffs then applied to this Court for a *mandamus* to compel the Judge to issue the attachment, and proceed to inquire into the acts alleged against the defendants. An alternative writ was issued on the thirteenth day of February, 1857, returnable on the twenty-third of the same month, which was regularly served on the seventeenth. On the return of the writ, the plaintiffs moved this Court to make the writ peremptory.

*Booraem* for Petitioner.

The points made are stated in full in the opinion of the Court. Cited Title IX, chap. 2, Practice Act; Sea Insurance Company *v.* Ward, 20 Wend., 588; Hart *v.* Mayor of Albany, 3 Paige, 381; Russell *v.* Elliott, 2 Cal., 245; People *v.* Olds, 3 Cal., 167; People *v.* Bell, 4 Cal., 177; Commonwealth *v.* Hampden, 2 Pick., 414; Johnson *v.* Randall, 7 Mass., 340; Tuolumne County *v.* Stanislaus County, 6 Cal., 440; Johnson *v.* Randall, 7 Mass., 340; Squier *v.* Gale, 1 Halst., 157; Kimball *v.* Green, 2 Metc., 573; *Ex Parte* Crane, 5 Peters, 190; People *v.* Judges of Washington, 1 Caines, 511; People *v.* Common Pleas, Coleman, 61: People *v.* Superior Court, 10 Wend., 285; 5 ib., 114; *Ex Parte* Chamberlain, 4 Com., 49.

*Botts*, Contra.
No brief on file.

Burnett, J., delivered the opinion of the Court—Terry, J., concurring.

On the hearing of this motion, the plaintiffs' counsel made these six points:

" First, that the stay of proceedings granted or effected by an appeal is only, as to further proceedings, working a change in the relative positions of the parties, and the property affected by the action after appeal taken. Second, that the appeal is taken only from the order granting the injunction, and not from the injunction itself, which remains in force until dissolved by the Appellate Court. Third, that if an appeal acts as a *supersedeas* to the injunction, the injunction, as a remedy, is in effect abolished. Fourth, that the District Judge had no discretion to grant or re-

fuse the order for an attachment for the contempt, but was bound in law to issue it. Fifth, that a *mandamus* will lie to compel him to do so, his refusal not being the exercise of a discretionary power, and there being no other adequate remedy. Sixth, that the writ of *mandamus* will lie to compel a Judge to punish a contempt, when the rights of parties are involved."

The first question raised by the facts of this case is this : Did the appeal supersede the effect of the injunction ? or, did the injunction remain in full force pending the proceedings on appeal?

The stay of proceedings, pending an appeal, has the legitimate effect of keeping them in the condition in which they were when the stay of proceedings was granted ; it operates so as to prevent any future change in the condition of the parties. This would seem evident from the scope of the provisions of chapter 2, title IX, of our Practice Act. To render an appeal effectual for any purpose, in *any* case, the undertaking or deposit must be given, or made as provided in section three hundred and forty-eight. In sections three hundred and forty-nine to three hundred and fifty-two, inclusive, a stay is granted by executing another and different undertaking. In the three hundred and fifty-sixth section, it is provided, that in cases not provided for in the sections above, the giving the undertaking, or making the deposit named in section three hundred and forty-eight, shall stay proceedings in the Court below, upon the judgment or order appealed from.

The language of this three hundred and fifty-sixth section is general, and would at first seem to include the appeal from an order granting an injunction ; but, upon an examination of the provisions of sections three hundred and forty-nine to three hundred and fifty-two, inclusive, it will be seen, that in all those cases the party is required by the judgment or order to do some *affirmative* act, not to refrain from doing a thing. This act, if completed, would change the condition of the parties, and render a reversal of the judgment in the Supreme Court partially ineffectual. But when a party is restrained by injunction, he is not injured in contemplation of law, as he is already secured by the undertaking. If, on the contrary, an appeal, with an undertaking of three hundred dollars, would have the effect of staying the injunction itself, then the plaintiff would have no remedy, and the writ be idle. It would entirely destroy the usefulness of this writ. A stay of proceedings, from its nature, only operates upon orders or judgments commanding some act to be done, and does not reach a case of injunction.

That the distinction between cases mandatory and prohibitory is correct, may be seen from the exception to section three hundred and fifty-six. If, then, the injunction remained in full force, had the Judge any discretion to issue or not to issue the attach-

ment? and if he had no discretion, but his duty was positive, is a *mandamus* the proper remedy?

It would seem clear, that if the injunction was not affected by the appeal, there must be some remedy for its violation pending an appeal; for if there be no remedy for the wrong, the right injured does not exist. No right can exist, in contemplation of law, that cannot be injured, and there can be no injury without a remedy. Where, then, can this remedy be found, but in the District Court? That Court must protect the parties in their substantial rights.

As to the other question, whether the remedy is by *mandamus* or appeal, we think there can be but little doubt. The remedy by appeal is too slow, and is not adequate. The duty to be performed is fixed by law, and certain. As to how that duty is to be performed, this Court will not direct. All we can do by this writ, is to direct the Judge to exercise his discretion in inquiring into the acts charged, and rendering his decision upon them. The decisions of this Court have fully settled some of these points. 3 Cal. R., 167; 4 Cal. R., 177; 2 Cal., 245.

It was urged, upon the hearing of the motion, that a *mandamus* would not lie from this Court to an inferior Court, in a case of contempt. It is true that the proceeding is, in form, a case of contempt, while it is, in substance, a private right. The law regards the substance more than the form. From the very nature and necessity of the case, the proceeding is designed to secure the rights of the party; this is his only remedy. It is always upon his application that the action of the Court is invoked.

Motion sustained.