[No. 7,649.—Department One.]
June 15, 1881.

## GEORGE D. BLISS v. SUPERIOR COURT OF SANTA CLARA COUNTY.

STAY OF PROCEEDINGS—APPEAL—INJUNCTION.—Application for writ of prohibition to forbid the Superior Court from proceeding further in an action, until the determination of an appeal from an order in the action refusing to dissolve a temporary injunction.

*Held:* It is only of orders or judgments which command or permit some act to be done that a stay of proceedings can be had. The order appealed from in this case is not of that character, hence the stay of proceedings has not the legal effect of suspending the jurisdiction of the Court over so much of the action as is not affected by the order.

APPLICATION for writ of *certiorari.*

*M. Lynch,* for Plaintiff.

*Burt & Pfister,* for Defendant.

McKEE, J.:

This is an application for a writ of prohibition to forbid the Superior Court of Santa Clara County from proceeding further in an action against the petitioner and another defendant, until the determination by this Court of an appeal from an order made by the Court below refusing to dissolve a temporary injunction issued in the action.

The action was brought to have the defendants to it interplead with each other, as to their respective rights to a sum of money, which the plaintiffs in the action admitted that they owed to one or other of them. For the purpose of having the rights of the defendants to the money adjudged by the Court, they brought the money into Court, and had a temporary injunction issued to restrain the defendants from commencing or prosecuting any suit against them on account of the money. The action was tried and the plaintiffs had judgment, but, on appeal, this Court, at the September session, 1880, reversed the judgment. (See *Pfister* v. *Wade,* 56 Cal. 43.) When the remittitur was filed in the lower Court, the petitioner, as one of the defendants, moved to dissolve the

injunction, which was denied, and he appealed from the order to this Court, where the appeal is now pending.

In contemplation of law, the injunction does not injure the petitioner, because his rights to the money in controversy between him and his co-defendant in the action are secured by the injunction bond. (*Merced Mining Company* v. *Fremont*, 7 Cal. 130.) Yet it is contended on his behalf, that, as he obtained a stay of proceedings by giving an appeal bond of $1,000, on his appeal from the order refusing to dissolve the injunction, the stay, by operation of law, suspends all proceedings in the lower Court until the determination of the appeal, and that the Court below is exceeding its jurisdiction in attempting to try the case. But it is only of orders or judgments which command or permit some act to be done that a stay of proceedings can be had. (*Hicks* v. *Michael*, 15 id. 109; *Merced Mining Company* v. *Fremont, supra.*) The order from which the appeal has been taken is not of that character. Hence, the stay of proceedings has not the legal effect of suspending the jurisdiction of the Court over so much of the action as is not affected by the order. A Court has power to proceed upon any matter in an action not affected by the order appealed from. (C. C. P., § 496.)

Although the Court has in this instance denied a motion to dissolve the temporary injunction issued in the action before it, it may, on a final hearing of the case, decide that the plaintiffs were not entitled to it. But if it should ultimately decide otherwise and make the injunction perpetual, the petitioner, as defendant, will be entitled to his motion for a new trial, or to an appeal; so he can not be injured. We can not suppose that the Court below in its proceedings will disregard the opinion of this Court already rendered in the case. At all events, in the proceedings taken by the Court below, in allowing the plaintiffs to file an amended complaint, and requiring the defendants to answer it, we see no excess of jurisdiction.

Writ denied.

Ross and McKinstry, JJ., concurred.