[In Bank.—December 29, 1883.]

J. H. SWIFT et al., Respondents, v. J. H. SHEPARD, Appellant and Applicant.

Appeal—Staying Operation of Injunction Pending Appeal.—The appellate court will not suspend the operation of a judgment granting a perpetual injunction, pending an appeal.

Application to the Supreme Court for an order staying the operation of an injunction granted by the lower court in an action between the respondent and applicant restraining the diversion of the waters of a certain creek, from which judgment the applicant appealed.

R. B. Canfield, and Paul R. Wright, for Applicant.

W. C. Stratton, for Respondents.

Thornton, J.—This is an application in this court by appellant Shepard for an order staying the operation of an injunction pending the appeal.

The action in the court below was for an injunction restraining the diversion of the waters of Brush Creek, and on final hearing there was judgment in favor of plaintiff for a perpetual injunction. From this judgment the applicant has prosecuted an appeal to this court, which was here for hearing when this application was made. The application bears the marks of an original suit for an injunction, and we cannot see that it comes within the original jurisdiction held to be conferred on this court by the Constitution. This court is authorized by the Constitution to issue all writs necessary or proper to the complete exercise of its appellate jurisdiction. (Const. art. vii. § 4.) But there is here no impediment to the exercise of the appellate jurisdiction. The cause is here on appeal as fully as the apellant desired to bring it, and the appellant has encountered no obstacle in so doing. There is then no ground for invoking this jurisdiction. (See *Eldridge* v. *Wright*, 15 Cal. 88; *Hicks* v. *Michael*, 15 Cal. 107.)

The court below in this case having adjudged on the trial, after full hearing, that the plaintiff was entitled to an injunction, it does seem to us that this court would be going very far in interfering to suspend the force of its judgment. Such action would have very much the appearance of taking A.'s property and handing it over to B., and referring A. for compensation to an action on a bond.

We are referred to *Hill* v. *Finnigan*, 54 Cal. 495. In that case, the appellant filed an undertaking to stay execution, the sureties were excepted to, and they failed to justify. This court on application allowed the appellant to file a stay undertaking. In relation to this it was observed that "the statute does not treat of undertakings in the Supreme Court, and we have no doubt but this court has an inherent power to secure to the appellant the fruits of a successful appeal, if it can be done without depriving the respondent of a substantial right."

It will be found that the court had held, as the opinion shows, that the appellant had a right to file a stay undertaking under the statute. (See first point in syllabus of case.)

The excuse for not filing it previously, in accordance with the provisions of the statute, was satisfactory to the court, and acting under the general equity powers pertaining to every court, and

so frequently availed of and administered on motions, the court duly accorded to appellant a right which the statute gave him. But in granting it under its inherent equity powers it declared in effect that, when the granting of the application would deprive the respondent of a substantial right, this power should not be exercised.

Of this application it may be observed that neither statute law nor law of any kind accords the applicant a stay such as is asked for on filing an undertaking or bond. It is different in that regard from the condition of the appellant in *Hill* v. *Finnigan*; and further, it having been on full hearing and trial adjudged that the plaintiff was entitled to the injunction to restrain the diversion by the moving party of the waters mentioned above, it would be depriving the respondent of a substantial right to suspend or interfere with the exercise of a right as to these waters solemnly decreed to him.

The application must be denied, and it is so ordered.

MORRISON, C. J., and MYRICK, J., concurred.

SHARPSTEIN, J., specially concurring. — It was early held in this State that an injunction is not dissolved or superseded by the taking of an appeal from the order granting it. (*Merced Mining Company* v. *Fremont*, 7 Cal. 130.) That case has not been overruled, and the statute, in respect of the question now raised, has not been substantially changed. The only question raised by the appeal is whether the injunction was properly granted, and that question must be determined upon the record. Until so determined the presumption is in favor of the correctness of the judgment of the court below. We could not grant this motion without at least modifying the judgment appealed from.

If the judgment be reversed, it will then be apparent that the appellant was deprived of the use of his property by the granting and continuance of the injunction. But if we grant this motion and finally affirm the judgment, it will be equally apparent that the respondent was deprived, in the mean time, of the use of his property.

There is nothing in this case which materially distinguishes

it from most of the cases in which appeals are taken from orders or judgments granting injunctions.

McKEE, J., and McKINSTRY, J., concurred in the opinion of MR. JUSTICE SHARPSTEIN.