THE BULLION, BECK AND CHAMPION MINING
COMPANY, APPELLANT, v. THE EUREKA HILL
MINING COMPANY, AND OTHERS, RESPONDENTS.

INJUNCTION, WRIT OF—WHEN VOID—WHEN SET ASIDE.—A restraining order made without jurisdiction is void, and may be set aside though made at the term preceding the making of a motion to set aside.

ID.—JURISDICTION OF SUPREME COURT OF TERRITORY TO MAKE.—An appeal from the supreme court of Utah Territory to the supreme court of the United States must be taken in the same manner and under the same regulations as from the circuit courts of the United States. The supreme court of the territory, therefore, posseses the power to make an order of injunction, preserving the *status quo*, until a decision be made in the supreme court of the United States.

ORIGINAL motion to dissolve an injunction. The facts are stated in the opinion of the court.

*Mr. W. H. Dickson* and *Mr. M. Kirkpatrick*, for the motion.

*Mr. Arthur Brown* and *Mr. J. G. Sutherland*, contra.

ZANE, C. J.:

It appears from this record that the appellant was the owner of mining claim lot No. 76, and that lot No. 39, owned by respondent, was immediately east thereof; that more than 100 feet beneath the surface of the first mentioned lot there was a valuable mineral vein, the apex of which was claimed by both parties to lie within their surface lines vertically extended downwards, and by virtue thereof they both asserted ownership and possession of the vein, and commenced mining it. It also appears that appellant filed a complaint for trespass and for an injunction against respondent, and that respondent filed a cross-complaint against appellant, in which it asked that the right of possession and ownership might be adjudged to

it, and for an injunction.   By consent both parties were
enjoined from working the mine until final decree, which
was entered on January 18, 1886.   From this decree ap-
pellant prayed an appeal to this court, and for an order
restraining defendant from mining.   This was granted for
the period of 26 days in which to perfect the appeal.   This
was done, and the decree of the court below was affirmed
at the last term, and at the same time an appeal was
prayed to the supreme court of the United States, and an
injunction was also asked and granted, restraining respond-
ent from working the mine during the pendency of the
appeal.   This injunction the respondent now moves the
court to dissolve, for the reason, as alleged, that the court
issued it without jurisdiction, and the appellant insists
that the court should not consider the motion, for the rea-
son that the term has passed at which the restraining
order was made.

We will first consider the point made by the com-
plainant.   If the restraining order was made without jur-
isdiction it is void; while the court from its record de-
clares that it is valid, and will continue to do so until
it is set aside.   If the order is void, the court ought to
say so on its record, that its dignity may be preserved,
and that persons who may wish to rely upon the order
may not be deceived and led into errors.   We hold that
this court may set aside the restraining order in question
for want of jurisdiction, though made at the last term, if
it shall be of the opinion that the order was made with-
out jurisdiction.   In this view we are supported by the
following authorities: *Ex parte Crenshaw,* 15 Pet., 119;
*Shuford* v. *Cain,* 1 Abb., 102; Freem. Judgm. (3d Ed.),
sec. 96, pp. 78, 100.

This brings us to the respondent's point: Had this court
power to make the restraining order in question?   The
third section of an act of Congress in relation to courts
and judicial officers in the Territory of Utah provides
"that district courts shall have exclusive original juris-
diction in all suits or proceedings in chancery," etc.:
Comp. Laws Utah 1876, p. 53.   And section 9 of "An act
to establish a territorial government for Utah" provides for

writs of error and appeals from district courts to the supreme court of the territory, and, in the following language, from the latter to the supreme court of the United States: "Writs of error and appeals from the final decisions of said supreme court shall be allowed and may be taken to the supreme court of the United States in the same manner, and under the same regulations, as from the circuit courts of the United States," etc.: Comp. Laws Utah 1876, p. 31.

In the case of *Hovey* v. *McDonald,* 109 U. S., 150, appealed from the supreme court of the District of Columbia, the court said: "In this country the matter is usually regulated by statute or rules of the court, and, generally speaking, an appeal, upon giving the security required by law, (when security is required), suspends further proceedings, and operates as a *supersedeas* of execution. This we have seen is the case in the circuit courts of the United States. But the decree itself, without further proceedings, may have an intrinsic effect which can only be suspended by an affirmative order, either of the court which makes the decree, or the appellate tribunal."

The appeal-bond given by the appellant in this case in the court below suspended further proceedings in that court, but the decree had an intrinsic or operative effect upon the rights of the parties. It dissolved the injunction which existed to that time, and adjudged the possession and ownership to be in the respondent, and left the respondent in possession of the mine, with the right to take the ore, and dispose thereof in any way it might see fit, and enjoined the appellant from mining the same, or from interfering in any way. And this right to take the ore, and dispose of it, could only be suspended by an affirmative order of the district court or of this court—the court which made the decree, or the appellate tribunal; and, when the decree of the district court was affirmed by this court, the decree so affirmed retained and possessed the same operative effect, and could only be suspended by an affirmative order of this court or the supreme court of the United States.

Further along in the same opinion the court said: "It was decided that neither a decree for an injunction, nor

a decree dissolving an injunction, was suspended in its effect by the writ of error, though all the requisites for a *supersedeas* were complied with. It was not decided that the court below had no power, if the purposes of justice required it, to order a continuance of the *status quo* until a decision should be made by the appellate court, or until that court should order the contrary. This power undoubtedly exists, and should always be exercised when any irremediable injury may result from the effect of the decree rendered."

While the decree in this case was rendered by the district court, when it was affirmed by this court, and an appeal from that affirmance was taken, the decree, for the purposes of the appeal, must be regarded as a decree of this court, and the appeal from that decree or decision must be taken "in the same manner, and under the same regulations, as from the circuit court of the United States."

By the term "regulations" is meant the rules by which the action of the circuit courts of the United States are limited and controlled in granting appeals, and the action of this court is limited and controlled by the rules which govern those courts. Therefore, if the circuit courts of the United States have the power, in granting appeals, to suspend by an affirmative order the intrinsic or operative effect of the decision or decree appealed from, this court has it also. Speaking with respect to appeals from the circuit courts of the United States and other courts, in the case of *Hovey* v. *McDonald, supra,* the court held that the power undoubtedly exists to order a continuance of the *status quo* until a decision should be made by the appellate court, or until that court should order the contrary. This court may reverse, affirm, or modify any judgment appealed from, and may direct the proper judgment or order to be entered, or a new trial or further proceedings to be had, and it may grant an appeal to the supreme court of the United States, as was done in this case, that the parties may have their rights with respect to the property in dispute determined by that tribunal. In this grant of power it appears reasonable that the authority should

be implied to restrain the effect of the judgment appealed from so as to preserve the subject of litigation for disposition according to the final judgment of the appellate court. The object of the appeal is not to give that tribunal of last resort merely an opportunity to make a vain display of its power and wisdom. The appeal in this case was given that the parties might have their rights to the property in question determined, and that it might be given to the one entitled to it as finally decided. If, when that decision shall be made, the property shall be beyond the effect of the decree and the process of the court, and the party to whom it may be adjudged does not get it, the purpose of the appeal will have been defeated, and the ends of justice will not have been reached.

The motion to dissolve the injunction is denied.

BOREMAN, J., and HENDERSON, J., concurred.