FRANK T. COCHRANE, APPELLANT, *v.* CUNA A.
          BUSSCHE, RESPONDENT.

APPEAL.—ORDER DISSOLVING ATTACHMENT.—RECORD.—Where the
     record on appeal from an order dissolving an attachment does
     not show all the evidence upon which the action of the trial
     court was based, it will be presumed that the lower court acted
     upon sufficient evidence.

APPEAL from an order of the district court of the third
district dissolving an attachment.   The opinion states
the facts.

*Messrs. Stephens and Schroeder,* for the appellant.

*Messrs. Bennett, Marshall and Bradley,* for the respond-
ent.

ANDERSON, J.:

This is an appeal from an order of the third district
court dissolving an attachment sued out in this action on
the ground that the defendant was not residing within
the Territory.   The defendant was residing in Salt Lake
City from March, 1888, to August, 1889, with his wife
and child.   On the date last named his wife separated
from him, and went to Denver, Colo., to live, where she
still resides.   McCornick & Co. and Walter Pavey were
summoned as garnishees, and answered that Pavey held
certain moneys belonging to McCornick & Co. and the
defendant, to which each were entitled to certain portions
thereof.   The affidavits further tended to show that the
defendant was not assessed with any property in Salt
Lake City for the year 1890, and that the defendant had

left this Territory with the expressed intention of going to Galveston to make investments. The defendant has filed an amended or additional abstract, from which it appears that the defendant resided in Salt Lake City from February 12, 1888, to April 3, 1890, when he left for Galveston, intending to proceed thence to Europe for his health; that he did not go to Galveston, but proceeded directly to Europe, and remained there until August, 1890; that while absent from Utah Territory, he had a room in Salt Lake City, in which he slept when there, and in which he stored his furniture, and left the same in the care of one McHugh; that while absent he continued to pay the rent of the room, and never thought of changing his residence; that his stay in Europe was prolonged because of ill health; that he left his business interests in Salt Lake City in charge of W. S. Pavey, giving a list of property left by him in the hands of Pavey, and that he had no business interests outside of Utah. Also the affidavit of Pavey was filed to the effect that the defendant had told him he was going to Galveston on a visit, and thence to Europe for his health, and would soon return to Utah; that his absence would be temporary only; that while absent he corresponded with affiant, and in his letters frequently expressed his intention of returning to Utah, and to there continue the conduct of his ordinary business. The court dissolved the attachment, and this appeal is from the order of dissolution made by the court.

The record shows that the motion to dissolve the attachment was heard and determined upon affidavits on behalf of the respective parties, and upon the oral testimony of O. W. Powers, whose testimony is not contained in the record. The court dissolved the attachment upon the ground that the defendant was not a non-resident of the Territory. All the evidence before the court, and on

which the court acted in dissolving the attachment, not being in the record, we must presume the order of the court dissolving the attachment was based on sufficient evidence. The order of the district court is therefore affirmed.

. MINER, J., and BLACKBURN, J., concurred.