8   253
s10   241
30*  984
37*  460

## LEWIS A. SCOTT ELLIOT, APPELLANT, v. GEORGE C. WHITMORE AND ANOTHER, RESPONDENTS.

PRACTICE.— EQUITY.— FINDINGS UNSUPPORTED.— Where the evidence in an equity cause is too indefinite to support the findings of the trial court, the cause will be remanded to the trial court to take further testimony and the findings will be set aside.

APPEAL from a judgment of the district court of the first district and from an order refusing a new trial. The opinion states the facts.

*Mr. Charles S. Varian,* for the appellant.

*Messrs. Hoge and Burmester,* for the respondent.

The following opinion was first delivered by the court:

BLACKBURN, J.:

This is a suit brought to determine the water-rights in Grassy Trail Creek or Cottonwood, in Emery county. The only question of law involved in the case is the date of the appropriation of water made on the unsurveyed lands of the government. We think that where a person settles on the public domain unsurveyed, with the intention of acquiring title so soon as he can under the law, and does acquire title, and afterwards appropriates water for its cultivation, such appropriation is effective from its date, although it may be several years before he succeeds in perfecting his title. An examination of the evidence in this case clearly shows that it is impossible to determine the rights of the parties, for it is too indefinite and uncertain. Litigants in reference to water-rights should

present such evidence to the court in every case as will justify a definite decree. Because of uncertainty in this case the complaint was dismissed, and properly. But as it may become important at some future time to reinvestigate their water-rights, the decree of this court is that the complaint be dismissed without prejudice. And it is the opinion of this court that the findings of fact by the court below are not supported by the evidence, and they are therefore set aside and held for naught.

ZANE, C. J., and ANDERSON, J., concurred.

Thereupon a rehearing was granted and the following opinion was delivered:

MINER, J.:

This suit in equity was brought by the plaintiff to determine the right to the water of Grassy Trail Creek, sometimes called "Cottonwood Creek," in Emery county. A decree was entered in the court below in favor of the defendants, and the complaint was dismissed. From the judgment and order denying his motion for a new trial the plaintiff appeals to this court, where a hearing of the appeal was had, and the complaint ordered dismissed without prejudice, and the findings of fact were set aside. A rehearing was afterwards granted by this court, to which our attention is now called.

The appellant contends that the findings of fact are not supported by the evidence; that they are against the law; and that the evidence is not sufficient to justify the entry of the decree. A careful examination of all the testimony given in the case—being 435 pages—convinces me that the rights of these parties cannot be properly determined under the testimony as it stands. The testimony is too indefinite, uncertain, and contradictory on which to base a decree. The findings of fact are not so clearly sup-

ported by the evidence as to justify the decree as made. The land claimed to be occupied and owned by the defendants is not described; the number of acres located is not stated; nor does it sufficiently appear when or how these defendants acquired it, nor how they have occupied it. The amount of water used upon this land each year; the dates, quantities, and character of defendants' appropriation; the purpose and object of the location of the land and appropriation of water therefor; the time when and where it was actually used and when not used; the duration of an irrigation season in that locality; the size and rapidity of the stream in question at the head gate; the size of defendants' ditch at the head gate, and the rapidity with which the water passes through the same; whether the appropriations made were useful, and the amount of water used was reasonably necessary,—are questions which seem to have been largely overlooked in the presentation of the proof and in the findings of fact. The judgment and decree of the trial court is set aside, with costs to abide the result, and the case is remanded to the court below, with instructions to take further testimony therein, and render such decree therein as justice requires.

ZANE, C. J., and ANDERSON, J., and BLACKBURN, J., concurred.