## LEWIS A. SCOTT ELLIOT, Respondent, *v.* GEORGE C. WHITMORE and Another, Appellants.[1]

Stay of Injunction.— Supersedeas Bond.— Effect of Judgment.—Water Rights.—2 Comp. Laws 1888, § 3641 provides that when a judgment directs the delivery of possession of real property, its execution cannot be stayed on appeal unless a written undertaking be executed on the part of the appellant with two or more sufficient sureties. Section 3642 provides that whenever an appeal is perfected as therein provided, it stays all further proceedings. *Held* that where defendant was in possession of a stream and had appropriated the water by means of a ditch, to his own use, the judgment obtained by plaintiff entitling him to the use of part of the water and restraining defendant from taking more than a certain amount, was in effect a judgment for the delivery of the possession of real property, and that the court erred in refusing to allow a *supersedeas* bond to stay the injunction pending appeal. Miner, J., *dissenting.*

(No. 416. Decided June 19, 1894. 37 P. R. 459.)

Appeal from the District Court of the Third Judicial District, Hon. Charles S. Zane, *Judge.*

Action by Lewis A. Scott Elliot against George C. Whitmore and another for an injunction and for damages. Defendants appeal from an order refusing to fix the amount of a *supersedeas* bond to stay the injunction pending appeal. *Reversed.* (See *Elliot* v. *Whitmore,* 8 Utah, 253, and *Ex parte Whitmore,* 9 Utah, 441.)

*Messrs. Brown & Henderson* and *Mr. E. D. Hoge,* for appellants.

The defendants being in possession of the property in

[1] Petition for a rehearing denied July 27, 1894.

dispute, the decree in the case is substantially one to compel the defendants to deliver that property over to plaintiff, and directed how it should be done. The right in the waters of the stream being real estate, the defendants, under § 3641, 2 Comp. Laws 1888, had a right to have the amount of a *supersedeas* bond fixed by the court. Appellants deny the doctrine that an appeal from a decree granting an injunction does not stay the injunction pending appeal. *Hovey* v. *McDonald*, 109 U. S. 150; *Telegraph Co.* v. *State*, 110 Ind. 203; *Railroad Co.* v. *Gilbert*, 71 N. Y. 430; *Heinlin* v. *Cross*, 63 Cal. 44. But the object of an injunction is to preserve the property in dispute exactly in the condition in which it is when the decree is made. *Mining Co.* v. *Mining Co.*, 5 Utah, 182; *Hovey* v. *McDonald, supra.* This rule has no reference whatever to a mandatory injunction. *People* v. *Simonsen*, 10 Mich. 335; *Heinlin* v. *Cross, supra.*

*Mr. C. S. Varian* and *Messrs. Zane & Putnam,* for respondent.

An injunctional order should not be suspended in a final decree, as it would be against public policy; the only injunction that will be suspended is a mandatory injunction, and then the matter is within the discretion of the lower court. In this case the decree is wholly preventive and not mandatory. Our statute is precisely word for word the California statute, and such is the rule in California and has been so from the very earliest time. *Mining Co.* v. *Fremont*, 7 Cal. 130; *Swift* v. *Shepard*, 64 Cal. 423 (water case); *Bliss* v. *Superior Court*, 62 Cal. 542 (water case): *Heinlin* v. *Cross*, 63 Cal. 44 (water case). The supreme court of this territory has made the same holding on our statute. *Mining Co.* v. *Mining Co.*, 5 Utah, 153. The general rule in the United States courts is that

it is in the discretion of the lower court whether to suspend the injunction or not, but that it should be suspended only in an extraordinary case. *Hovey* v. *McDonald,.* 109 U. S. 150; *Leonard* v. *Ozard Land Co.,* 115 U. S. 465; *Knox Co.* v. *Harshman,* 132 U. S. 14. And where the lower court has exercised its discretion in refusing to suspend the injunction this order will not be disturbed. It was objected once in this case that the referee had no right to consider evidence already taken. The testimony was used under the express directions of the supreme court in this case in their opinion, 8 Utah, 254, and that court has already made such an order in two former cases. *Irrigation Co.* v. *Stock Co.,* 7 Utah, 456; *Irrigation Co.* v. *Jenkins,* 8 Utah, 369.

MERRITT, C. J.:

This is an appeal from an order of the Third District Court refusing the application of the defendants to fix the amount of the *supersedeas* bond to be given to stay the judgment on appeal from the final decree, and denying a stay of proceedings upon the injunctional order contained in said decree. The complaint in this action was filed in the First District Court at Provo, September 8, 1887, and averred that defendants were entitled to a primary right to the waters of Grassy Trail creek, to a certain amount; that the plaintiff, in 1885, appropriated to his own use certain amounts of water from said creek, in excess of the amount conceded to defendants, and that he was the owner of such excess by prior appropriation; that defendants had, in violation of plaintiff's rights, taken possession of all the waters of said stream, and, "by means of dams, flumes, and ditches theretofore dug and made, unlawfully diverted all of the waters of said creek from the channel thereof, and from plaintiff, and refuses to allow the same or any part thereof, to flow down to or on his said land;" and

that defendants threaten to continue such diversion and
appropriation unless restrained,—and prays for an injunc-
tion, and that the same may be made perpetual enjoining
such diversion by defendants.     The answer admits the
taking of the water, but denies any appropriation by
plaintiff, and asserts title to the entire stream in the de-
fendants.

The case has been once before this court *( Elliot* v.
*Whitmore,* 8 Utah, 253, 30 Pac. 984); and, upon being
remanded to the district court, was sent to a referee for
trial, who filed his report, in which he finds that the de-
fendants are entitled to a first right in the stream to the
amount of 67-150 of a cubic foot per second, and the
plaintiff to a right thereafter to 5 cubic feet per second
at his head gate, some distance below the premises of de-
fendants; and that the defendants have been and are tak-
ing the whole of the waters of the stream; and that a cer-
tain device or box presented by plaintiff should be put into
defendants' ditch, which would prevent any greater amount
of water from flowing therein than the amount awarded
to them; and that a competent engineer should be ap-
pointed to put the said device into defendants' ditch; and
that defendants should be enjoined from disturbing said
device, and from taking more water than the amount
awarded to them.    On the 8th of May, 1893, an order was
made confirming said report, and a final judgment was
entered pursuant thereto, appointing W. P. Hardesty a
commissioner to put in said device, and directing him to
proceed and put in said device, and enjoining defendants
from interfering therewith when put in, or from taking
from the stream more water than the amount awarded
them by the decree, and awarded costs against the defend-
ants, taxed at the sum of $1,762.65.    Thereupon the de-
fendants, desiring to appeal from said judgment to this

court, made application to the court, under 2 Comp. Laws, § 364J, to fix the amount of a *supersedeas* bond to stay the execution of the judgment pending the appeal; and upon such application the court entered an order "that the amount of the bond in this action be fixed at the sum of $3,243.20, double the amount of judgment in this action; and that any stay of proceedings upon the injunctional order contained in the decree in this action, or any suspension of said injunctional order, be, and the same is hereby, refused and denied, and the said injunctional orders in the said decree contained are continued in full force and effect." From this order this appeal is taken.

The subject-matter of the controversy in the original action is real property. *Fritts* v. *Camp,* 94 Cal. 393, 29 Pac. 867; *Pacific Yacht Club* v. *Sausalito Bay Water Co.,* 98 Cal. 487, 33 Pac. 322. The statute under which defendants made the application to fix amount of *supersedeas* bond provides that, if the judgment or order appealed from directs the sale or delivery of possession of real property, the execution of the same cannot be stayed unless a written undertaking be executed on the part of the appellant, with two or more sufficient sureties, in an amount not exceeding a sum to be fixed by the judge of the court by which the judgment was rendered, which must be specified in the undertaking, etc. Section 3642 provides that, "whenever an appeal is perfected as provided in the preceding sections of this chapter, it stays all further proceedings in the court below, upon the judgment or order appealed from, or upon the matter embraced therein." If the judgment or decree from which defendants were seeking to appeal was, in effect, for the delivery of possession of real property, then they were entitled to have the judgment stayed pending the appeal; and it was the duty of the court to fix the amount of the bond for that purpose. The defendants were in possession of the stream, and the

provision in the judgment that the defendants should refrain and desist from taking it was, in effect, a judgment that they deliver it to the plaintiff; the judgment directed a commissioner to go and turn it over, and deliver it to the plaintiff.

An appeal does not ordinarily supersede or suspend an injunction, but this rule is only to preserve the *status quo* of the property at the time the decree is entered. *Hovey* v. *McDonald,* 109 U. S. 150, 3 Sup. Ct. 136; *People* v. *Simonson,* 10 Mich. 335; *Calvert* v. *State,* 34 Neb. 631, 52 N. W. 687; *Bullion, Beck & Champion Min. Co.* v. *Eureka Hill Min. Co.,* 5 Utah, 182, 12 Pac. 660. If the injunction is mandatory, its effect is to take the subject-matter of the controversy from the possession of one party, and give it to the other; the rule has no application. *Bliss* v. *Superior Court,* 62 Cal. 543; *Mining Co.* v. *Fremont,* 7 Cal. 130. In the case of *Bliss* v. *Superior Court,* McKee, J., speaking for the court, says: "It is only of orders or judgments which command or permit some act to be done that a stay of proceedings can be had." And in the case of *Mining Co.* v. *Fremont* the court points out the distinction between mandatory and prohibitory judgments and orders. In the case at bar the defendants were in possession at the time the decree was entered. The effect of the decree was to take the property in dispute from them, and deliver it to plaintiff. In fact, a commissioner was directed to make the delivery. The order appealed from should be reversed and set aside; and as the defendants have perfected their appeal, so far as they could, which is now pending in this court, the cause should be remanded to the court below, with instructions to fix the amount of *supersedeas* bond on appeal from the judgment.

SMITH, J.:

I concur in the judgment reversing the order of the

court below in refusing to fix a *supersedeas* bond. In addition to the reasons pointed out in the opinion of the chief justice, I desire to state the following: Six appeals are before us, all arising from practically one judgment. This is one of them. It is perfectly apparent to me that, when the late chief justice refused to fix a *supersedeas* bond, he was acting under the erroneous impression that the merits of the controversy could never be brought before this court for review. We have just decided that he was in error in this conclusion, and that the statement on motion for a new trial must be settled and the cause determined on its merits. Such being the case, I am fully persuaded that, if the matter could again be submitted to Judge Zane, he would reverse his former order, and allow a *supersedeas* bond. In other words, the arbitrary refusal to fix a *supersedeas*, it seems to me, can only be defended upon the assumption that there was nought but delay in the appeal from the judgment. We have seen that the error in this case is in this assumption. The case is one where, if the evidence is to be reviewed, either in this or the trial court, the judgment should be superseded. I am also of the opinion that in a case of this character, which, in effect, transfers the possession of real property from one party to the other, the trial court, in case of appeal, has no discretion except to fix the amount of the bond; but, granting that the court has the discretion claimed for it, I am still of the opinion the order should be reversed.

MINER, J. *(dissenting)*:

I cannot concur with my brethren in this case. The injunctional order granted by the court below perpetually restrained and enjoined the defendants from in any manner altering or changing the flow of water from the measuring box, and from changing or altering the measuring box or the measurements of water thereof, and from taking

from said stream any larger quantity of water than 67-150 of a cubic foot per second. This was a preventive injunction, and not a mandatory injunction. It was a perpetual injunction upon a final decree granted by the court, after hearing the testimony of the witnesses on both sides of the case. Upon a full hearing, and having all the testimony before it, the court below denied the motion of the appellants to fix a *supersedeas* bond, and thereupon continued such order in full force during the pendency of the appeal. Upon an appeal from such order, in refusing to fix a *supersedeas,* and without having the testimony before us, this court is asked in this collateral way to pass upon and reverse the order, based upon a final decree in the court below. The order was within the discretionary power of the lower court to make or refuse; and, having been refused, after a full hearing, this court should not reverse the order until the hearing of the appeal upon the main case. In doing so, this court is making an order and deciding the case without having the proofs or knowing what injury may follow to the party in whose favor the order was made. When the lower court has exercised a discretionary power in refusing to suspend the injunction, or allow the *supersedeas,* such order should not be disturbed during the pendency of the appeal, nor until the final hearing thereon in this court. *Swift* v. *Shepard,* 64 Cal. 423, 1 Pac. 493; *Cochrane* v. *Bussche,* 7 Utah, 233, 26 Pac. 294; U. S. Sup. Ct. Rule No. 93; *Bliss* v. *Superior Court,* 62 Cal. 542; *Heinlin* v. *Cross,* 63 Cal. 44; *Hovey* v. *McDonald,* 109 U. S. 150, 3 Sup. Ct. 136; *Mining Co.* v. *Fremont,* 7 Cal. 130; *Leonard* v. *Land Co.,* 115 U. S. 465, 6 Sup. Ct. 127. The appeal should be dismissed, with costs.