(December 5, 1923.)

SALMON RIVER CANAL COMPANY, LIMITED, a Corporation, ROBERT RAYL, T. J. DOUGLAS, C. A. McMASTER, WALDEMER WEDDLE, NELSON HAYWARD, MURRAY BROOKMAN and A. J. LINDEMAR, Members of the Board of DIRECTORS OF THE SALMON RIVER CANAL COMPANY, LIMITED, FRED BATES, Superintendent and Water-master, and JAMES R. BOTHWELL, Attorney for said SALMON RIVER CANAL COMPANY, LIMITED, Plaintiffs, v. THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, in and for TWIN FALLS COUNTY, WILLIAM A. BABCOCK, T. BAILEY LEE and O. R. BAUM, Judges of said Court, Defendants.

[221 Pac. 135.]

STORAGE WATER "PROPERTY"—MANDATORY INJUNCTION—SUPERSEDEAS BOND ON APPEAL—DILIGENCE OF COUNSEL—CONTEMPT PROCEEDINGS.

1. Storage water in a reservoir directed to be distributed by a decree from which an appeal is taken is "property" within the meaning of the provisions of C. S., secs. 7154 and 7155, and notwithstanding the decree contains terms and provisions which in effect amount to a mandatory injunction, the filing of a notice of appeal and giving the undertaking specified in C. S., sec. 7162, will not stay the execution of the injunction, but in order to stay the execution thereof an undertaking must be given as provided in C. S., secs. 7154 or 7155, and it is the duty of the court in such case to fix the amount of the *supersedeas* bond pending appeal.

2. *Held,* that plaintiffs had the right to give a *supersedeas* bond in the instant case, and while proceeding with due diligence to have such bond fixed by a judge of the lower court were not subject to contempt proceedings.

Original proceeding for writ of prohibition, directed to the District Courts of the Eleventh and Fifth Judicial Districts.

Alternative writ issued. Demurrer to application for writ overruled and defendants given thirty days to answer.

Richards & Haga and Jas. R. Bothwell, for Plaintiffs.

The perfecting of an appeal and the giving of the ordinary undertaking for costs stays the effect of a mandatory injunction; this rule applies equally to cases where the injunction is prohibitory or preventive in form but mandatory in effect. (*Hulbert v. California-Portland Cement Co.,* 161 Cal. 239, 118 Pac. 928, 38 L. R. A., N. S., 436; *Clute v. Superior Court,* 155 Cal. 15, 132 Am. St. 54, 99 Pac. 362; *Schwartz v. Superior Court,* 111 Cal. 106, 43 Pac. 580; *Stewart v. Superior Court,* 100 Cal. 343, 35 Pac. 156; *Dewey v. Superior Court,* 81 Cal. 64, 22 Pac. 333; *United Railroads v. Superior Court,* 172 Cal. 185, 155 Pac. 463; *Wolf v. Gall,* 174 Cal. 140, 162 Pac. 115; *Foster v. Superior Court,* 115 Cal. 279, 47 Pac. 58; *Jaynes v. Weickman,* 51 Cal. App. 696, 197 Pac. 672.)

The California decisions cited are based upon statutory provisions substantially identical with our own.

The attorney for the Salmon River Canal Company applied for an order fixing the amount of *supersedeas* bond, and in view of the fact that this application was made and pressed he and his clients could not in the meantime properly be cited for contempt (*Clute v. Superior Court, supra; Elliott v. Whitmore,* 10 Utah, 238, 37 Pac. 459; *State ex rel. Pacific Reclamation Co. v. Ducker,* 35 Nev. 214, 127 Pac. 990.)

John W. Graham, for Defendant.

The decree entered in the lower court was a prohibitory injunction, and the only way that could be stayed or suspended was by a proper application to the court in which the injunctive decree was entered and have that court suspend the same during appeal. (*Roberts v. Kartzke,* 18 Ida. 552, 111 Pac. 1; *Waters v. Dunn,* 18 Ida. 450, 110 Pac. 258; *Heinlen v. Cross,* 63 Cal. 44; *Merced Mining Co. v. Fremont,* 7 Cal. 130; *United Railroads of San Francisco v. Superior*

*Court,* 172 Cal. 183, 155 Pac. 463; *Wolf v. Gaul,* 174 Cal. 140, 162 Pac. 115; *Jaynes v. Weichman,* 51 Cal. App. 696, 197 Pac. 672; *Lange v. Superior Court,* 11 Cal. App. 1, 103 Pac. 908; *Hovey v. McDonald,* 109 U. S. 150, 3 Sup. Ct. 136, 27 L. ed. 888.)

The contempt proceedings were set in motion before the application for the *supersedeas* was filed and this court has no right to assume that the trial court might commit error, that is, that the trial court might punish for contempt, when the facts and the law would not warrant it to do so. In case it did, then these plaintiffs have their remedy by appeal or writ of review. (*Lange v. Superior Court, supra.*)

VARIAN, Commissioner.—This is an original proceeding to prohibit the district court of the eleventh judicial District of the state of Idaho, in and for Twin Falls County, William A. Babcock and T. Bailey Lee, judges of said court, and O. R. Baum, one of the judges of the district court of the fifth judicial district, from taking further proceedings in adjudging the plaintiffs herein, Salmon River Canal Company, Limited, a corporation, Robert Rayl, T. J. Douglas, C. A. McMaster, Waldemer Weddle, Nelson Hayward, Murray Brookman and A. J. Lindemar, members of the board of directors of the Salmon River Canal Company, Limited, Fred Bates, superintendent and water-master, and James R. Bothwell, attorney for the said Salmon River Canal Company, Limited, in contempt of court for failure to observe the provisions of a decree entered in the case of R. Glavin in his own behalf and in behalf of all persons similarly situated with him, plaintiffs, against Salmon River Canal Company, Limited, a corporation, defendants, in the district court of the eleventh judicial district, in and for Twin Falls county.

Application for an alternative writ of prohibition was filed in this court by said plaintiffs July 31, 1923, accompanied by an affidavit in support thereof executed by T. J. Douglas, Nelson Hayward and James R. Bothwell. The order for the writ was made and the writ issued July 31, 1923, re-

quiring the said defendants to show cause in this court on August 8, 1923, why they should not be prohibited from further proceeding in said contempt proceedings. On August 8, 1923, the defendants demurred to the petition for the writ of prohibition and for grounds of demurrer alleged: (1) That the petition herein does not state facts sufficient to state a cause of action against the defendants or either of them; (2) that plaintiffs and petitioners have no standing herein for the reason that they and each of them have a plain, speedy and adequate and complete remedy at law; (3) "For the reason that it appears from said petition that the district court and the judge thereof had jurisdiction of the subject matter of the suit and of the parties, and in proceeding was acting regularly and in accordance with the laws of the state of Idaho and not in excess of the jurisdiction of said court or of said judge."

The matter was heard upon the demurrer to the petition. It appears from the petition and affidavit above referred to that plaintiff Salmon River Canal Company, Limited, was organized for the purpose of owning and operating the canal system of the Salmon River Project in Twin Falls county, Idaho, embracing approximately 35,000 acres of irrigable land, and serving water to said lands from a storage reservoir known as the Salmon River Reservoir. On July 17, 1923, in the said action brought by R. Glavin on behalf of himself and all other persons similarly situated, as plaintiffs, against Salmon River Canal Company, Limited, a corporation, as defendant, in the district court of the eleventh judicial district, in and for the county of Twin Falls, findings of fact, conclusions of law and a decree were signed by the defendant T. Bailey Lee as a judge of said district court, which reads, after reciting that findings of fact and conclusions of law have been made, as follows:

"Now, therefore, under and by virtue of the facts and the law in the case, It is therefore ordered, adjudged and decreed, that the Salmon River Canal Company, Limited, its Board of Directors, Officers, Agents, Employees, Attorneys, and each of them, and all other persons acting by,

through, or under them, and each of them, be, and they are hereby Restrained and Enjoined from apportioning or attempting to apportion, allotting or attempting to allot, or distributing or attempting to distribute, the available water supply of the Salmon River Project or System for the year 1923, which includes the water carried over in the reservoir from the year 1922 to the year 1923, together with the run-off for the year 1923, to the settlers and land owners on said Project, on any other basis than a prorata acreage basis, that is, that each acre of land within said Salmon Project entitled to water, shall receive a prorata share of all the available supply of water for the year 1923, which includes the carry over from the year 1922 to the year 1923 and the run-off for the year 1923; that the available supply of water for the year 1923, as herein defined, shall be distributed to said settlers on said Salmon River Tract so that each acre of said land entitled to water shall receive an equal amount of water with every other acre, and that no discrimination shall be made in the allotting or distributing of said water for the year 1923, or any season thereafter.

"It is further Ordered, Adjudged and Decreed, that the Salmon River Canal Company, Limited, its Board of Directors, Officers, Agents, Employees, Attorneys, and each of them, and all persons acting by, through, or under them, and each of them, be, and they are hereby, Enjoined and Restrained from apportioning or attempting to apportion, allotting or attempting to allot, or distributing or attempting to distribute, the. available supply of water of the Salmon River Project for the year 1923, or any part thereof, in accordance with Rule Five of said Salmon River Canal Company, Limited, the same being the rule of the Company adopted and set forth in defendant's answer."

A clause is added giving plaintiffs judgment for their costs. Findings and decree were served on the defendants in said action on July 18, 1923, and the originals were filed with the clerk on that date. On July 20th an appeal was taken to this court from said decree by giving and filing

with the clerk a notice of appeal and undertaking, conditioned under C. S., sec. 7154, in the sum of $300.

On July 20, 1923, counsel for the Salmon River Canal Company, Limited, filed an application on behalf of said company for an order fixing the amount of a *supersedeas* bond pursuant to the provisions of C. S., sec. 7158. On attempting to communicate with Judge Lee, who had tried the case, he ascertained on July 20th that he had left on his vacation and could not be had. He then on said date presented the application to Judge Babcock to fix the amount of the *supersedeas* bond and he declined, considering himself disqualified to act in the premises. Counsel for plaintiffs then notified Judge Lee's reporter of the pending application to fix the amount of the *supersedeas* bond, and requested that he bring it to the judge's notice at the earliest opportunity. Later, on August 4th, according to statements of counsel made at the hearing and not controverted, Judge George W. Edgington of the ninth district fixed the *supersedeas* bond in the sum of $10,000, which was given.

On July 24, 1923, R. Glavin et al., by their counsel, filed a petition for the enforcement of the decree of July 17, 1923, and on said 24th day of July, 1923, Judge Babcock issued an order to show cause, directed against the plaintiffs herein, before O. R. Baum, a judge of the fifth judicial district, on August 1, 1923, at 2 o'clock P. M., at Twin Falls, why they and each of them should not be punished for contempt in failing to obey the decree dated July 17, 1923.

So much of Rule Five of the Salmon River Canal Company, Limited, referred to in the affidavit and mentioned in the decree in the Glavin case as is necessary to an understanding of the issues involved here, is as follows:

"In order to encourage the greatest practical economy by individual water users from year to year, each water user will be entitled to carry over for use the following season as personal or individual storage, such water as has been allotted to him but which has not been used, subject,

however, to the restrictions hereinafter set out.   Water held as 'individual storage' shall become a part of 'general storage' in case maintenance charges become delinquent upon the shares for which water had been reserved.   Each water user shall be considered as having used the minimum allotment, whether any water has been used or not.

"Any water user having used the minimum allotment, may upon two days' notice to the company, have his supply shut off and the balance of his allotment left in the reservoir for the following season, to be apportioned to him in addition to his allotment of the 'general storage.'"

Provisions for the measurement of the individual storage, the calculation of losses from evaporation, etc., are contained in the rule.

At the date of the decree, approximately 12,000 acre-feet of storage water had been carried over from the year 1922 and was held in the reservoir as individual storage for the benefit of approximately seventy-five per cent of the settlers of the Salmon River Tract, in various amounts, and had been allotted to these settlers for the year 1923.

Plaintiffs contend that the injunction contained in the decree is mandatory in its effect, and that the entire operation and effect of the decree was stayed by giving the $300 bond for costs and serving and filing the notice of appeal.

They also contend that even if it should be held that the decree should be held to be prohibitory merely, and one requiring the delivery of real or personal property, within the purview of the provisions of C. S., secs. 7158 and 7156, plaintiffs could not be in contempt of court when they were making every effort to have the amount of the *supersedeas* bond fixed in accordance with the provisions contained in these sections, and the only district judge in the district declined to fix the amount of the bond on the ground of his disqualification.

The injunction is clearly mandatory in its effect.   After restraining the defendant from apportioning, allotting or distributing the available water supply of the system for 1923, which is declared to include water carried over in the

reservoir from the year 1922 and the 1923 run-off, upon any other basis than a *pro rata* acreage basis by which each acre of land entitled to water shall receive a *pro rata* share of said available water supply for the year 1923, the decree recites:

"That the available supply of water for the year of 1923, as herein defined, shall be distributed to said settlers on said Salmon River Tract so that each acre of said land entitled to water shall receive an equal amount of water with every other acre, and that no discrimination shall be made in the allotting or distributing of said water for the year 1923. . . . . "

The decree further enjoins defendant from apportioning, allotting or distributing the available water supply for the year of 1923, or any part thereof, in accordance with Rule Five of defendant.

The effect of this decree is to require defendant to change its method of distribution under Rule Five and compels it to distribute all water available for the year 1923, including the water carried over from 1922 and the 1923 run-off, on a *pro rata* basis. The 12,000 acre-feet of water carried over in the reservoir from 1922, belonging to certain settlers under Rule Five, must be distributed, *pro rata,* among all the lands entitled to water for the year 1923, irrespective of whether the owners thereof have saved and carried over any water from the 1922 allotment. The settler who has saved and carried over water from the 1922 allotment is deprived of that water except that he is permitted to participate in its distribution upon a *pro rata* basis with all other settlers on the tract.

The effect of the decree is to compel defendants to change the method of distribution under Rule Five, and requires all the water to be distributed on a *pro rata* basis. The 12,000 acre-feet of water that was saved by certain settlers and carried over from their 1922 allotments is not to be distributed to them according to their ownership thereof, under Rule Five, but the decree commands it to be distributed *pro rata* among all the lands entitled to water for

the year 1923, irrespective of whether said lands are entitled, under the rule, to any water carried over from 1922 or not. The settler who, under Rule Five, is entitled to the water allotted to him for the year 1922, and carried over until 1923, is deprived of his water savings.

C. S., sec. 7154, provides for the giving of an undertaking on appeal in the sum of $300, to the effect that appellant will pay all damages and costs that may be awarded against him on the appeal, or a dismissal thereof, not exceeding $300. This undertaking was given in the Glavin case on July 20, 1923. C. S., sec. 7155, provides for the giving of a *supersedeas* bond in the case of an appeal from a money judgment. C. S., sec. 7158, provides for the fixing by the court of the amount of a *supersedeas* bond where the order or judgment appealed from directs the sale or delivery of possession of real property.

C. S., sec. 7162 reads:

"In cases not provided for in sections 7155, 7156, 7157 and 7158, the perfecting of an appeal by giving the undertaking, or making the deposit mentioned in section 7154, stays proceedings in the court below, upon the judgment or order appealed from, except where it directs the sale of perishable property; in which case the court below may order the property to be sold and the proceeds thereof to be deposited, to abide the judgment of the appellate court; and except, also, where it adjudges the defendant guilty of usurping or intruding into, or unlawfully holding, a public office, civil or military, within this state; and except, also, where the order grants, or refuses to grant, a change of the place of trial of an action."

The sections of our code referred to are substantially the same as the corresponding sections of the California Code of Civil Procedure in force when the decisions hereinafter cited were published.

An injunction which merely has the effect of preserving the subject of the litigation *in statu quo* is not suspended by an appeal. (*Merced Mining Co. v. Fremont,* 7 Cal. 130; *Heinlen v. Cross.* 63 Cal. 44; *Swift v. Sheppard,* 64 Cal.

423, 1 Pac. 493; *Dewey v. Superior Court,* 81 Cal. 64, 22 Pac. 333; *Rogers v. Superior Court,* 126 Cal. 183, 58 Pac. 452.)

A mandatory injunction is one which compels affirmative action by the defendant and cannot be enforced pending an appeal fully perfected under C. S., sec. 7162. (*Foster v. Superior Court,* 115 Cal. 279, 47 Pac. 58; *Mark v. Superior Court,* 129 Cal. 1, 61 Pac. 436; *Schwarz v. Superior Court,* 111 Cal. 106, 43 Pac. 580; *Stewart v. Superior Court,* 100 Cal. 543, 35 Pac. 156, 563.)

"If an injunction, though couched in terms of prohibition, is mandatory in effect, a proceeding by the court issuing it to punish a violation as a contempt is in the nature of process for the enforcement of the affirmative feature of the writ. It may be likened to an execution, and, if the enforcement of the injunction has been stayed by an appeal, a writ of *supersedeas* may properly be issued by the appellate court to arrest further action by the court below." (*Clute v. Superior Court,* 155 Cal. 15, 132 Am. St. 54, 99 Pac. 362.)

The majority of the court has adopted the holding of the commissioner thus far, and I am authorized to state that the court is of the opinion that the storage water directed to be distributed by the decree in the Glavin case is "property" within the meaning of the provisions of C. S., secs. 7154 or 7155, and notwithstanding the injunction is mandatory in its terms and effect, that the court holds that the filing of a notice of appeal and giving the undertaking specified in C. S., sec. 7162, will not stay the execution of the injunction. To stay the operation of the injunction, an undertaking must be given as provided in C. S., secs. 7154 or 7155.

It appears from the affidavit in support of the petition filed herein that plaintiffs used due diligence in attempting to procure the district judge to fix the amount of the undertaking under said sections. The district judge before whom the Glavin case was tried had left the district on his vacation immediately following the signing of the decree, and

could not be reached. The remaining judge in the eleventh judicial district, considering himself disqualified, refused to act in the premises. While this situation obtained, the order to show cause why plaintiffs herein should not be punished for contempt was made. Thereupon counsel for plaintiffs again applied to the remaining judge of the eleventh judicial district to fix the amount of the *supersedeas* bond, and he again declined to act. Counsel then applied to O. R. Baum, a judge of the fifth judicial district, before whom the contempt proceeding was cited, requesting him to fix the amount of the *supersedeas* bond, and were informed that Judge Baum could not hear the application for a *supersedeas* bond prior to the afternoon of the day set for the hearing on the order to show cause in the contempt proceedings. The application was then made to this court for a writ of prohibition.

"The point is made by respondent that, if the order for an injunction be construed according to Clute's contention, it is an order requiring the delivery of real and personal property, and its enforcement cannot be stayed upon appeal, unless the appellant gives a bond in an amount to be fixed by the court. Code Civ. Proc., secs. 943, 945. While it is not alleged that any such bond was given, it was shown by Clute in the contempt proceedings, without contradiction, that he had requested the court below to fix the amount of an undertaking to stay proceedings. Under the views herein stated, it was the duty of the court to comply with this request, and until, by such compliance, the appellant had been enabled to take the steps necessary to procure a stay, no contempt proceedings against him should have been entertained." (*Clute v. Superior Court, supra.*)

The supreme court of Nevada held in effect, in *State ex rel. Pacific Reclamation Co. et al. v. Ducker, Judge,* 35 Nev. 214, 127 Pac. 990, that on an appeal from a mandatory injunction requiring defendant to release water from its reservoir and permit it to flow down the stream so that plaintiff could use it, defendant was entitled, as a matter of right,

to a stay of proceedings upon the injunction upon filing a proper stay bond.

It is the duty of the court in such case to fix the amount of the *supersedeas* bond pending appeal. (*Elliott v. Whitmore*, 10 Utah, 238, 37 Pac. 459.)

The court should hold, in the instant case, that plaintiffs had the undoubted right to give a *supersedeas* bond, and while proceeding with due diligence to obtain said bond, were not subject to contempt proceedings.

Budge, C. J., and McCarthy, Dunn and William A. Lee, JJ., concur.

PER CURIAM.—The above opinion is hereby approved and adopted as the opinion of the court, and it is ordered that the demurrer to the petition be overruled and defendants given thirty days to answer.