(No. 6599.   January 9, 1939.)

JAMES W. MAYS, C. P. HOWES and F. L. GREENE, Plaintiffs, v. CHARLES E. WINSTEAD, as District Judge of the Third Judicial District of Idaho, Defendant.

[86 Pac. (2d) 471.]

Fisher & Coffin, for Plaintiffs.

Hawley & Worthwine, for Defendant.

MORGAN, J.—This is an original proceeding wherein we have issued an alternative writ of mandate commanding defendant, as district judge, to fix the amount of a *supersedeas* undertaking in a case, appealed from his court, entitled *B. F. Kloppenburg v. James W. Mays, C. P. Howes* and *F. L. Greene,* or that he show cause for not doing so. Defendant answered the application for the writ and plaintiffs demurred to the answer on the ground that it did not state facts sufficient to constitute a defense, nor show cause for not fixing the amount of the undertaking.

Kloppenburg and Mays entered into a written contract whereby the former obligated himself to sell and convey to the latter and his assigns, on conditions therein stated, an unpatented mining claim in Boise county. Mays and his assigns were to have possession of the property, and the right to mine, remove and sell ore therefrom. Mays assigned interests in the contract to Howes and Greene. Thereafter Kloppenburg commenced the action above mentioned against Mays, Howes and Greene for annulment of the contract and of a deed which he had placed in escrow pursuant thereto, and for an injunction restraining them from asserting any right, claim or title to, or right to possession of the mining claim, and that title thereto be quieted in him.

A trial was had and, October 6, 1937, defendant herein made and entered a decree whereby the contract, the assignments of interests therein and the deed which had been placed in escrow were annulled. It was further decreed that Kloppenburg was the owner of the mining claim, free and clear of any claim of any kind or character, on the part of Mays, Howes and Greene, "and the defendants and each of them, their servants, agents, attorneys, employees and each and every of them and anyone claiming or to claim from or under them or any of them are hereby restrained and enjoined from asserting any right, claim, or title or the right to the possession of the whole or any part of said mining claim; and that the title to the same is hereby quieted in the plaintiff as against the said defendants and each of them, their

successors and assigns, and any and all persons claiming or to claim from or under them or any of them.''

On receipt of defendant's decision, plaintiffs herein suspended operations on the claim and, December 28, 1937, appealed from the decree. June 12, 1938, Howes and Greene went to the property for the purpose of doing the annual assessment work thereon and found Kloppenburg had leased it to John Hallstrom, who was in possession of it. June 17, 1938, plaintiffs applied to defendant to fix the amount of *supersedeas* undertaking to stay execution of the decree. A hearing was had on the application and it was denied. The purpose of this proceeding is to procure a writ commanding defendant to fix the amount of the undertaking.

From the answer it appears the defense to the application for the writ is based on the fact that, subsequent to the entry of the decree in *Kloppenburg v. Mays et al.,* Kloppenburg peaceably took possession of the mining claim and leased it to Hallstrom, who has made valuable improvements thereon, and that in so doing he relied on the fact that plaintiffs were not in possession, or claiming the right to possession, of the property nor had they given an undertaking to stay execution of the decree; also that no application had been made for an order fixing the amount of a *supersedeas* undertaking until June 17, 1938; that execution could not be stayed because possession had been surrendered by plaintiffs and that the application for an order fixing the amount of the *supersedeas* undertaking came too late and after the decree had been executed.

The section of our code which controls the right to *supersedeas,* in cases of this kind, is I. C. A., sec. 11–207, wherein it is provided:

''If the judgment or order appealed from direct the sale or delivery of possession of real property the execution of the same cannot be stayed unless a written undertaking be executed on the part of the appellant with two or more sureties, to the effect that during the possession of such property by the appellant he will not commit, or suffer to be committed, any waste thereon, and that if the judgment be affirmed, or the appeal dismissed, he will pay the value of

the use and occupation of the property from the time of the appeal until the delivery of possession thereof, pursuant to the judgment or order, not exceeding a sum to be fixed by the judge of the court by which the judgment was rendered or order made, and which must be specified in the undertaking. . . . . "

One of the effects of the decree was to require the delivery of possession of the mining claim by plaintiffs herein to Kloppenburg, and the execution thereof could not be stayed without a *supersedeas* undertaking which could not be given without an order by the defendant fixing the amount of it. The duty to fix the amount of the undertaking is statutory and is not discretionary. (*Salmon River Canal Co. v. District Court*, 38 Ida. 377, 221 Pac. 135; *Elliot v. Whitmore*, 10 Utah, 238, 37 Pac. 459; *Gutierrez v. Hebbard*, 104 Cal. 103, 37 Pac. 749.)

No time is fixed when plaintiffs are required to make application for the order, and they have a right to apply therefor at any time after the appeal is taken and before the case has been disposed of on appeal. They have prosecuted the appeal with diligence and have not abandoned their right to stay of execution.

Possession of the property by Hallstrom does not defeat plaintiffs' right to have the amount of the *supersedeas* undertaking fixed, as provided by statute. He is not a party to this action and his rights to the property, if any, cannot be adjudicated herein.

The demurrer to the answer is sustained, and it is ordered the peremptory writ of mandate issue.

Ailshie, C. J., and Budge, Givens and Holden, JJ., concur.