[No. 13299.    In Bank. — October 9, 1889.]

# HENRY DEWEY, PETITIONER, v. SUPERIOR COURT OF MERCED COUNTY, RESPONDENT.

CONTEMPT — FINDINGS WITHIN JURISDICTION — VIOLATION OF PROHIBITORY INJUNCTION. — When the superior court finds within the issues and within its jurisdiction in proceedings for contempt that the defendant has violated a prohibitory injunction of the court, its judgment of conviction thereon rendered is final and conclusive.

ID. — EXCESS OF JURISDICTION — PUNISHMENT FOR NON-PERFORMANCE OF DUTIES NOT IMPOSED. — An order imprisoning a defendant until he performs duties which were not imposed by the original order or injunction of the court is in excess of its jurisdiction. Such order can only be made upon and in consequence of a conviction for contempt, which consists in the omission to perform an act which it is yet in the power of the person to perform, and which has been required by the terms of the original order which the party is charged with having violated.

ID. — INJUNCTION AFFECTING PERSONS NOT PARTIES. — The court cannot, by mandatory injunction, require of the defendant an act which he could not do without making himself liable to others not parties to the suit, and over whom the court had no jurisdiction. The injunction in such case should be prohibitory only.

ID. — MANDATORY INJUNCTION — REMOVAL OF DAM AND DITCH — APPEAL — STAY OF PROCEEDINGS. — When an appeal has been perfected so as to stay all proceedings for the execution of a judgment, it stays proceedings for the enforcement of a mandatory injunction to remove a dam and fill up a ditch, though a prohibitory injunction against the diversion of water remains in full force pending the appeal, the object of the rule in both cases being to preserve the *status quo*. The superior court has no jurisdiction to punish for disobedience of the mandatory injunction pending such appeal, though it may punish for violation of the prohibitory injunction.

APPLICATION to the Supreme Court for a writ of review to vacate and set aside an order of the Superior Court of Merced County punishing petitioner for contempt.

The facts are stated in the opinion of the court.

*Jarboe, Harrison & Goodfellow,* and *J. W. Knox,* for Petitioner.

*Law & Law,* for Respondent.

Fox, J.—This is a preceeding by writ of review to re-examine, vacate, and set aside an order of the superior court of the county of Merced, made after judgment, and in proceedings for contempt for violation of a judgment for injunction.

The facts, as stated in the petition and appearing from the return, are, that in a certain suit pending in said court, wherein one Turner was plaintiff and Dewey, the petitioner here, was defendant, a judgment was made and given enjoining the defendant from maintaining a certain dam or other obstructions in Mariposa Creek, and from maintaining a certain ditch or canal of defendant in any condition that would interfere with the rights of plaintiff, as in the said judgment and in the findings and conclusions of the court set forth; it being thereinbefore set forth that the plaintiff had the right to all the waters flowing in the Mariposa Creek, without interruption by the defendant, down the bed, along the natural water channel of said creek, except at such times as there may be a surplus of water running in said creek. The judgment also awarded the plaintiff one thousand dollars damages.

From this judgment an appeal was perfected to this court, and the statutory stay bond for the money judgment and bond for costs duly given. After the perfection of such appeal, proceedings were instituted in the same case, and in the manner prescribed by the statute, to punish the defendant for violation of such injunction; the defendant was duly cited to appear and show cause, etc., and upon the hearing the defendant was adjudged guilty of contempt, and was fined in the sum of $150, and it was also ordered that he be committed to the custody of the sheriff of Merced County, and confined in the county jail until all dams and obstructions placed in said Mariposa Creek by him, or through his procurement, which would obstruct the flow of the water therein,

be dug out and removed therefrom, and until the ditch leading from said creek be filled up substantially so that the waters of said creek cannot be diverted thereby.

It is contended that this order requires of the defendant, petitioner here, things which were not required by the original judgment, imposes on him obligations not imposed thereby, and punishes him for the non-performance of duties which the judgment did not require him to perform.

The court clearly had jurisdiction of the proceedings for contempt, and upon the hearing of that proceeding it appears that evidence was taken, upon which the court found, among other things, that the defendant had, in violation of said injunction, "diverted and permitted the waters of said creek to be diverted from said creek, and from the lands of plaintiff, and deprived the plaintiff . . . . of the use thereof." The evidence upon which such finding is based is not sent up. The finding itself is within the issues and the jurisdiction of the court, and its judgment of conviction thereon rendered is final and conclusive. (Code Civ. Proc., sec. 1222.)

But the court further finds "that it is now, and was at all the times herein mentioned, within the power of said defendant, Henry Dewey, to fully obey said judgment, and to remove said dam, and to fill up the mouth of said ditch where it enters the said creek, and to cease to divert the waters of said creek therefrom, and from the lands of said plaintiff."

We have looked in vain in the "said judgment" for anything commanding or requiring the defendant to "remove said dam," or to "fill up the mouth of said ditch," either in express terms or by any fair implication. The dam was a wing-dam, reaching part way across the creek only, and both dam and ditch were constructed and owned by this defendant and two others in common, and in equal parts, but for the use and

benefit of separate tracts of land held by the several parties in severalty, and said two other persons were never made parties to this suit. The fact is alleged under oath, and not disputed, and it furnishes a very good reason why the original judgment should have been prohibitory only against the defendant, and not mandatory, requiring of him an act which he could not do without making himself liable to others not parties to the suit, and over whom the court had no jurisdiction.

But notwithstanding the omission of all words of a mandatory character in the original injunction, we find the court, in this proceeding for contempt, and upon the faith of the finding above quoted, " ordered, adjudged, and decreed that he, the said Henry Dewey, be committed to the custody of the sheriff of Merced County, and that said sheriff confine him in the county jail of this county until all dams and obstructions placed in said Mariposa Creek by said Dewey, or through his procurement, which will obstruct the flow of the water therein, be dug out and removed therefrom, and until the ditch leading from said creek be filled up substantially so that the waters of said creek cannot be diverted thereby."

This order we think was clearly in excess of the jurisdiction of the court. It is an order which can only be made upon and in consequence of a conviction for contempt, which "consists in the omission to perform an act which is yet in the power of the person to perform," and which has been required by the terms of the original order which the party is charged with having violated. (Code Civ. Proc., sec. 1219.) The original order or injunction did not require him to perform the act which is by this order enjoined upon him, and for the non-performance of which it is now ordered that he be imprisoned.

Again, even if by implication the original injunction

required the defendant to perform the act required of
him by the last-named order, the court had no jurisdic-
tion, at the date of entering said order in the proceed-
ings for contempt, to require him to perform the act, or
to punish him for its non-performance. At the date of
that order an appeal to this court had been perfected
from the judgment of the court below, the effect of
which was to stay all proceedings for the enforcement
of the judgment, except that of enforcing and punish-
ing for a violation of the *prohibitory* injunction alone.
An appeal perfected as this was, under section 949 of
the Code of Civil Procedure, stayed all proceedings upon
every part of that judgment "commanding some act to
be done." (*Merced Mining Company* v. *Fremont*, 7 Cal.
130; *Bliss* v. *Superior Court*, 62 Cal. 544.) A prohibi-
tory injunction remains in full force pending such an
appeal, and the court below may enforce obedience
thereto; but a mandatory injunction is stayed by the
operation of such appeal, the object of the rule in both
cases being to preserve the *status quo*. Otherwise the
result of the final adjudication might often be a barren
victory. During the pendency of the appeal, the court
below could do no act which did not look to the holding
of the subject of the litigation just as it existed when the
decree was rendered. In the exercise of its authority, it
was empowered to punish as for contempt for the viola-
tion of any provision of the injunction, where the par-
ties were not allowing the property to remain as it was
at the date of the decree. (*B. B. & C. Min. Co.* v. *E. H.
Min. Co.*, 13 Pac. Rep. 174; citing *Hovey* v. *McDonald*,
109 U. S. 161, and other cases.) So in this case, the
defendant may be punished for the actual diversion of
the waters of Mariposa Creek pending the appeal, if
done by himself, his agents, servants, or employees, or
by his procurement, to the injury of plaintiff, but he
cannot be punished for failure to remove the dam or fill

up the ditch,—1. Because no such mandate is found in the judgment for injunction; and 2. Because if there were such a mandate, its execution would be stayed by the appeal which has been perfected.

It is therefore ordered that so much of the order of the superior court of the county of Merced made and entered on the first day of June, 1889, in the case wherein Nicholas Turner is plaintiff and Henry Dewey is defendant, as directs that the said defendant be committed to the custody of the sheriff of said county, and confined in the county jail of said county until all dams and obstructions placed in said Mariposa Creek by him, or through his procurement, which will obstruct the flow of water therein, be dug out and removed therefrom, and until the ditch leading from said creek be filled up substantially so that the waters of said creek cannot be diverted thereby, be and the same is hereby vacated and set aside.

McFarland, J., Sharpstein, J., Paterson, J., Works, J., and Beatty, C. J., concurred.

Thornton, J., dissented.