[S. F. No. 470.    In Bank.—December 14, 1896.]

A. W. FOSTER, PETITIONER, *v.* THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

APPEAL—STAY OF PROCEEDINGS — JUDGMENT UPON CONTEST OF ELECTION FOR DIRECTORS OF RAILWAY COMPANY—INJUNCTIONS—ENFORCEMENT OF JUDGMENT.—Upon an appeal from a judgment rendered in the superior court upon the contest of an election for directors of a railway company, as between two contestants, all proceedings upon the judgment are stayed upon the execution of the ordinary appeal bond; and the court cannot enforce its judgment pending the appeal, notwithstanding it purports to enjoin the other directors from interfering with the one declared elected by the judgment in the exercise of his office as a director, such injunction being merely ancillary and incidental to the judgment determining the right to the office, and suspended by the appeal, since the enforcement would carry the judgment into effect, and change the relative position of the parties from those existing when the judgment was entered, and might render a reversal of the judgment entirely ineffectual.

ID. — REFUSAL TO RECOGNIZE DIRECTORS ADJUDGED ELECTED — CITATION FOR CONTEMPT—CERTIORARI.—The superior court has no jurisdiction, after proceedings have been stayed by appeal from its judgment determining the contest for the election of directors of the railway corporation, to punish any of the other directors for contempt for refusal to recognize the director adjudged to have been elected, or to permit him to act as such director, in disobedience to the judgment, and an order adjudging him guilty of contempt for such disobedience will be annulled upon writ of review.

WRIT of review from the Supreme Court to annul an order of the Superior Court of the City and County of San Francisco adjudging petitioner guilty of contempt. J. M. SEAWELL, Judge.

The facts are stated in the opinion of the court.

*W. S. Goodfellow, Jesse W. Lilienthal,* and *Garrett Mc-Enerney,* for Petitioner.

An appeal, supplemented by a bond sufficient to stay proceedings, suspends the operation of the judgment or order appealed from for all purposes, and sets the adjudications contained in such judgment or order at large. (*Woodbury* v. *Bowman,* 13 Cal. 635; *Pierce* v. *Birkholm,* 110 Cal. 669; *Thornton* v. *Mahoney,* 24 Cal. 569; *McGarrahan* v. *Maxwell,* 28 Cal. 91; *People* v. *Frisbie,* 26 Cal. 139; *Harris* v. *Barnhart,* 97 Cal. 550; *Spears* v. *County of Modoc,* 101 Cal. 304; *Naftzger* v. *Gregg,* 99 Cal. 83; 37 Am. St. Rep. 23; *Estate of Blythe,* 99 Cal. 472; *Brown* v. *Campbell,* 100 Cal. 646; 38 Am. St. Rep. 314; *Ruggles* v. *Superior Court,* 103 Cal. 126; *People* v. *Treadwell,* 66 Cal. 400; Hayne on New Trial and Appeal, 668.) There is no difference under the decisions in this state between a so-called self-executing judgment and a judgment or order which requires process to carry it into effect. (*Born* v. *Horstmann,* 98 Cal. 452; *In re Schedel,* 69 Cal. 241; *In re Woods,* 94 Cal. 566; *Stateler* v. *Superior Court,* 107 Cal. 536; *Pennie* v. *Superior Court,* 89 Cal. 31; *Dennery* v. *Superior Court,* 84 Cal. 7; *Palache* v. *Hunt,* 64 Cal. 473; *Havemeyer* v. *Superior Court,* 84 Cal. 380, 381; 18 Am. St. Rep. 192; *Covarrubias* v. *Supervisors,* 52 Cal. 622; *Estate of Blythe, supra.*)

*Page, McCutcheon & Eells,* for Respondent.

HARRISON, J.—At the annual election for directors of the San Francisco & North Pacific Railway Company, held in February, 1896, certain votes offered in favor of Sidney V. Smith, as one of the directors, were rejected by the chairman of the meeting, and at the close

of the election Antoine Borel, J. B. Stetson, Andrew Markham, A. W. Foster, P. N. Lilienthal, George A. Newhall, and John L. Howard were declared by the chairman to have been chosen the directors for the year then next ensuing. Thereafter Smith, together with Borel, Stetson, and Howard, filed their application in the superior court of San Francisco, under the provisions of section 315 of the Civil Code, setting forth their claim that the votes offered for Smith should have been counted, and that he, instead of Lilienthal, should have been declared elected as one of the directors. Upon the issues presented by the answer of the other directors to this application, the court held that Smith and not Lilienthal had been elected a director with the others, and that he was entitled to exercise the office, and that Lilienthal should be excluded therefrom. Judgment was entered March 23, 1896, in accordance with these findings, and also enjoining the defendants from interfering with Smith in the exercise of his office as director. On the same day that this judgment was entered an appeal therefrom to this court was taken and perfected by the defendants, and thereafter at a meeting of the directors which had been called pursuant to the by-laws of the corporation, Smith sought to enter the room at which the meeting was to be held, but was excluded therefrom by Foster, who had been chosen the president of the board, and the meeting of directors was held without permitting him to be present. Upon an affidavit setting forth these facts, the superior court cited Foster before it to show cause why he should not be punished for contempt, and upon the hearing adjudged him guilty of contempt in thus preventing Smith from being present at the meeting of directors. Upon an application made to this court by Foster for a review of the last-named order, and that it be annulled upon the ground that upon the appeal from its judgment the superior court ceased to have jurisdiction for its enforcement, an alternative writ of review was issued to the

superior court, and the foregoing facts are set forth in its return to the writ.

The effect of an appeal from the judgment, upon the judgment appealed from, is a matter of statutory regulation, and as this effect is to be determined by a construction of the statutes under which the appeal is taken, the decisions in other states upon statutes differing from our own are not entitled to a controlling consideration. Sections 942–45 of the Code of Civil Procedure provide a mode by which the "execution" of the judgment or order appealed from may in certain cases be stayed until the determination of the appeal; and section 949 of the Code of Civil Procedure provides that, "in cases not provided for" in these sections, the perfecting of an appeal by giving the three hundred dollar undertaking "stays proceedings in the court below upon the judgment or order appealed from," except in certain designated cases. As the present case is not provided for in any of the preceding sections, it follows that the appeal had the effect to stay all *proceedings* in the court below "upon the judgment." While the judgments or orders referred to in sections 942–45 are such as direct some act to be performed by the appellant, or require some process for their enforcement, the foregoing provision of section 949 includes not only judgments of this character, but also those which are self-executing. To the extent that a self-executing judgment is effected in accordance with its terms, and requires no proceeding for its enforcement, an appeal therefrom does not impair this effect, except that while the appeal is pending it is not available as evidence of the facts adjudged. The provision in the section that the appeal stays all proceedings upon the judgment "in the court below" does not restrict its effect elsewhere. In *Dulin* v. *Pacific etc. Coal Co.*, 98 Cal. 304, the court had decided that Dulin was elected a director instead of Clugston, and an appeal was taken from this judgment. After the appeal Dulin was allowed by the other directors to take his

seat in the board with them, and Clugston was excluded from their deliberations. Clugston thereupon sought from this court an order restraining Dulin from acting as director, upon the ground that the appeal had the effect to suspend his right so to do. In denying his application we held that, while the appeal had the effect to prevent the court from enforcing its judgment, it could not prevent the other directors from recognizing the judgment as a sufficient reason for considering that Dulin had been properly elected, and was entitled to a seat with them; that the only effect of the appeal was " to leave the parties in the same situation with reference to the rights involved in the action as they were in prior to the rendition of the judgment." We also said that, " If after such appeal the court below seeks to enforce its judgment, this court will grant a special order or writ restraining its action"; and again: " The appeal from the judgment suspends its force as a conclusive determination of the rights of the parties, but the stay of proceedings consequent upon the appeal is limited to the enforcement of the judgment itself, and does not destroy or impair its character." In *Welch* v. *Cook*, 7 How. Pr. 282, it was held under similar provisions in the statute of that state, that the stay of proceedings effected by the appeal was limited to proceedings " in the court below," and did not include proceedings in another court authorized by a statute of that state to be taken upon the rendition of such judgment.

The provision in section 949, by which an appeal does not stay proceedings upon the judgment "where it adjudges the defendant guilty of usurping or intruding into or unlawfully holding public office, civil or military, within this state," authorizes the construction that proceedings upon the judgment are stayed when it affirms the right of the plaintiff to any office which is not "public." A director in a private corporation cannot be said to hold a public office. This provision in the section is in harmony with section 806 of the Code of Civil Procedure, and is applicable to such "public

office" as may be involved in an action brought by the attorney general under the provision of section 803. The cases of *Jayne* v. *Drorbaugh*, 63 Iowa, 712, and *People* .v. *Stephenson*, 98 Mich. 218, cited by the respondent, were decided under statutes similar to section 806, and it is stated in the opinion in *Fylpaa* v. *Brown County*, 62 N. W. Rep. 962, that the statute of that state (South Dakota) contained no provision staying the execution of the judgment. (See, also, *State* v. *Woodson*, 128 Mo. 497; *Pennsylvania R. R. Co.* v. *National Docks Ry. Co.*, 53 N. J. Eq. 178.)

The action of the superior court in the present case was a proceeding "upon the judgment" from which the appeal had been taken, and was instituted for the purpose of enforcing a compliance therewith. By the judgment it was declared that Smith had been elected a director and was entitled to exercise the office. It was by reason of the refusal of Foster and other directors to allow him to exercise this office that the proceedings now under review were taken by the superior court, and the action of that court was based upon Foster's disregard of the judgment. The injunction, in the judgment, against the interference with Smith's right to act as a director was but ancillary to the judgment determining that he had such right, and was merely incidental thereto. Although preventive in form, it was, in effect, mandatory, as it required Foster and the other directors to recognize Smith as one of their number, and to refuse to recognize Lilienthal. As that portion of the judgment declaring that Smith was elected was suspended by the appeal, the injunctive portion of the judgment, being merely incidental thereto, was also suspended, and the power of the court to enforce any portion of its judgment by inflicting punishment for its violation was stayed. An enforcement of this portion of the judgment would operate to carry the decree into effect, and would change the relative positions of the parties from those existing at the time the decree was entered, and might render a reversal of the judgment entirely ineffectual.

(*Stewart* v. *Superior Court*, 100 Cal. 543.) "During the pendency of the appeal the court below could do no act which did not look to the holding of the subject of the litigation just as it existed when the decree was rendered." (*Dewey* v. *Superior Court*, 81 Cal. 64.) The effect of the appeal from the judgment was "to leave the parties in the same situation, with reference to the rights involved in the action, as they were prior to the rendition of the judgment" (*Dulin* v. *Pacific etc. Coal Co.*, supra); and the authority of the court, after the appeal, to punish Foster for preventing Smith from attending a meeting of the directors was no greater than existed prior to the rendition of the judgment. If, however, the court could indirectly compel the recognition of Smith as a director, after its determination that he had been so elected was suspended by the appeal, it would exercise an authority in the proceeding after the judgment that it did not possess while the matter was pending before it and undetermined. (See *State Inv. etc. Co.* v. *Superior Court*, 101 Cal. 135.)

The order is annulled.

VAN FLEET, J., McFARLAND, J., HENSHAW, J., TEMPLE, J., and BEATTY, C. J., concurred.