[S. F. No. 2281. In Bank.—June 12, 1900.]

CECIL W. MARK et al., Members of Board of Education, Petitioners, v. SUPERIOR COURT OF CITY AND COUNTY OF SAN·FRANCISCO et al., Respondents.

MANDATORY INJUNCTION—RESTRICTIVE FORM.—An injunction, though restrictive in form, if it has the effect to compel the performance of a substantive act, is mandatory, and necessarily contemplates a change in the relative position or rights of the parties at the time the injunction is granted or the decree entered.

ID.—COMPELLING CHANGE OF TEXT-BOOKS ON PENMANSHIP—MANDATORY AND SUBORDINATE PROHIBITORY FEATURES.—In an action to determine which of two series of text-books on penmanship has been legally adopted in the public schools of San Francisco, a final injunction prohibiting the members of the board of education from using therein the text-books of the "Shaylor system of vertical round-hand penmanship," and commanding the use therein of the text-books of the "California system of vertical penmanship," is mandatory in its main purpose, and the prohibitory feature thereof is subordinate and incidental to the mandatory feature, and is inseparably connected therewith.

ID.—APPEAL—STAY OF PROCEEDINGS—PUNISHMENT FOR CONTEMPT—PROHIBITION.—An appeal from the final judgment in such action suspends and stays the operation of the entire injunction; and an attempt by the superior court, pending such appeal, to punish, as for contempt, a violation of the prohibitory feature of the injunction, is an excess of jurisdiction which will be stayed by writ of prohibition.

CXXIX. CAL.—1                           (1)

PETITION in the Supreme Court for writ of prohibition to the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Franklin K. Lane, City and County Attorney, William I. Brobeck, Sheffield S. Sanborn, and William B. Bosley, for Petitioners.

John H. Dickinson, and Henry E. Monroe, for Respondents.

VAN DYKE, J.—This is an application for a writ of prohibition to prevent the respondent court and the judge thereof from enforcing obedience to a decree and writ of injunction issued pursuant thereto.

From the petition and papers it appears that on July 18, 1899, one J. C. Green, as plaintiff, commenced an action in said superior court against the said board of education and the members thereof, to obtain an injunction commanding and requiring said board of education and the members thereof to cause to be used in the public schools of the city and county of San Francisco the text-books of the "California system of vertical penmanship," and to refrain from using and causing to be used text-books of the "Shaylor system of vertical round-hand penmanship"; that on the 18th of July, 1899, an order was issued by said court directed to the defendants in said action to show cause why an injunction should not issue restraining them from using or causing to be used in the public schools of said city and county the text-books of the Shaylor system of vertical round-hand penmanship. Upon the return to the said order to show cause the court, after hearing the evidence adduced, on July 31, 1899, denied the plaintiff's motion for a writ of injunction *pendente lite,* and dismissed said order to show cause. At the opening of the school year in the month of August, 1899, the text-books of the Shaylor system of round-hand penmanship were introduced into the public schools of the city and county of San Francisco, and ever since have been used as a uniform system of text-books upon penmanship therein, and no text-books of the "California system of vertical penmanship" have been used in the public schools of said city and county subsequent to the opening of the said public schools in

the month of August, 1899. On the twenty-eighth day of July, 1899, Edwin Ginn and others, partners doing business under the firm name of Ginn & Co., of Boston, Massachusetts, having first been by order of said superior court permitted to intervene in the said action, filed a complaint in intervention setting forth that the defendant board of education had, by resolution duly given, made, and entered, adopted the text-books of the said Shaylor system of vertical round-hand penmanship for use in the public schools of the city and county of San Francisco, and that a contract had been made by and between them and the said board of education whereby they had bound themselves to furnish the text-books of the said Shaylor system for use in the said public schools, and praying that the defendant board of education be required specifically to perform the said contract, and that the relief prayed by the plaintiff in said action be denied. On or about the eleventh day of September, 1899, H. S. Crocker Company, a corporation, having been by order of said superior court permitted to intervene, filed therein its complaint in intervention. Thereafter, issue having been joined upon the plaintiffs' second amended complaint in said action, by the answer of said board of education, and Ginn & Co.'s complaint in intervention and H. S. Crocker Company's complaint in intervention, trial was had, and thereupon on the 19th of February, 1900, a judgment and decree was entered in said superior court, and thereupon an injunction was issued directed to the petitioners herein restraining them from using, or causing to be used, in the public schools of the city and county of San Francisco the text-books of the Shaylor system of vertical round-hand penmanship, and commanding them to cause to be used in said public schools the text-books of the California system of vertical penmanship as the text-books on penmanship therein. Thereafter, on or about the 19th of March, 1900, the said superior court, upon the application of the plaintiff in said action, J. C. Green, issued an order requiring the petitioners and R. H. Webster, superintendent of schools, to appear before said court on the 23d of March to show cause why they should not be punished for contempt of court for disobeying said injunction order; that on the 22d of March, 1900, the board of education and the intervenors Ginn & Co.

took and perfected an appeal from the said judgment entered in said superior court; that on the coming on of the hearing before said court of the order to show cause, the petitioners, appearing by the city attorney, objected to said court and judge proceeding to hear the same, on the ground that it had. no jurisdiction to proceed pending the appeals. Nevertheless, the respondent entertained jurisdiction of said proceedings, and proceeded with the hearing upon said order to show cause.

Wherefore, the petitioners pray for a writ of prohibition commanding the respondent court and the judge thereof to desist from hearing further the said order to show cause, and from all further proceedings in the said action pending said appeal.

It appears in the petition, when the attention of the respondent court and judge was called to the fact of appeals having been taken, that said judge stated in open court that he considered the said appeals would stay only that portion of the decree which commanded the defendant board of education to cause to be used in the public schools in the city and county of San Francisco the text-books of the California system of vertical penmanship, but that the said appeals did not and could not stay that portion of the said decree which commanded and directed the defendant board.of education to refrain from using or causing to be used in the public schools text-books of the Shaylor system of vertical round-hand penmanship; that the said judge further stated in open court that if the defendant board were prevented by injunction from using or causing to be used text-books of the Shaylor system, it would be the moral duty of said board to cause the text-books of the California system to be used in said public schools. It appears further that the real parties in interest in said action are the plaintiff J. C. Green, and the intervenors H. S. Crocker Company and Ginn & Co. of Boston.

The question presented seems to be whether the prohibitory portion of the injunction can be separated from the mandatory portion, or whether the two are so inseparably connected as to render it improper during the appeal to enforce one while the other is suspended.

It is very apparent that the purpose of the action is not only to prevent the use of the Shaylor system, but also to compel the

use of the California system. It would seem, therefore, that the portion of the injunction which is in form prohibitory and forbids the use of the text-books of the Shaylor system is subordinate and ancillary to the portion of the injunction which commands the board of education to cause to be used in the public schools the text-books of the California system. The plaintiff's complaint in said action, as well as his affidavit on the application to have the injunction enforced, is based on the ground that the California system had been in use prior to the contract between the board of education and Ginn & Co., and should be restored and used in the public schools; and without this being done it would seem that the injunction would afford no relief to the plaintiff and that the main purposes of the injunction is its mandatory feature. This appears from the statement of respondent judge, as set forth in the petition, that if the board of education should be compelled to discontinue the use of the text-books of the Shaylor system it would be their moral duty to reinstate the California system in the public schools. This would seem to be obviously the case. To compel the board of education to discontinue the text-books of the system now in use, without at the same time requiring the board to use the text-books of the other system, would inflict very serious injury upon the pupils of the public schools without affording any relief or being of any benefit whatever to the plaintiff or the intervenors in behalf of the California system.

The findings and judgment of the respondent court were to the effect that the contract between said board and the H. S. Crocker Company, the intervenors in said action, was valid and in force, and that the contract made with the intervening firm of Ginn & Co. was invalid. The injunction ordered by the decree was but the means employed to give effect to said judgment. This decision and judgment having been suspended by the appeal, it would seem but proper that the injunction, being merely the means of giving effect to such decision and judgment, would also be suspended pending the appeal. An injunction, though restrictive in form, if it have the effect to compel the performance of a substantive act, is mandatory and necessarily contemplates a change in the relative positions or rights

of the parties from those existing at the time the injunction is granted or the decree is entered.

As stated in *Dewey v. Superior Court*, 81 Cal. 64: "During the pendency of the appeal the court below could do no act which did not look to the holding of the subject of the litigation just as it existed when the decree was rendered." In *Dulin v. Pacific etc. Coal Co.*, 98 Cal. 304, the effect of the appeal from the judgment was to leave the parties in the same situation with reference to the rights involved in the action as they were prior to the rendition of the judgment. And in *Schwarz v. Superior Court*, 111 Cal. 106, it was held that the mandatory injunction *pendente lite* commanding the removal of trade signs is stayed and suspended in its effect by an appeal from the order granting the same; and pending such appeal the petitioners could not be punished for contempt for failure to remove or discontinue such trade signs. *Foster v. Superior Court*, 115 Cal. 279, is a case where there was a contest as to which of two parties had been elected a director in the San Francisco & Northern Pacific Railroad Company. The court below, on trial of the contest, decided that Smith and not Lilienthal had been elected a director with the others, and that he was entitled to exercise the office, and that Lilienthal should be excluded therefrom. Judgment was entered in accordance with this decision, and also enjoining the defendants from interfering with Smith in the exercise of his office as director. On the same day the judgment was rendered an appeal was taken therefrom, and thereafter at a meeting of the directors Smith sought to enter the room in which the meeting was held, but was excluded therefrom by Foster, as chairman of the board, and the meeting of the directors was held without permitting him to be present. Upon an application the superior court cited Foster before it to show cause why he should not be punished for contempt, and upon the hearing adjudged him guilty of contempt in thus preventing Smith from being present at a meeting of the directors. Upon *certiorari* this court annulled that order. In the opinion it is said: "The injunction in the judgment against the interference with Smith's right to act as director was but ancillary to the judgment determining that he had such right and was merely incidental thereto. Although

preventive in form, it was in effect mandatory, as it required Foster and the other directors to recognize Smith as one of their number and to refuse to recognize Lilienthal. As that portion of the judgment declaring that Smith was elected was suspended by the appeal, the injunctive portion of the judgment, being merely incidental thereto, was also suspended, and the power of the court to enforce any portion of its judgment by inflicting punishment for its violation was stayed. An enforcement of this portion of the judgment would operate to carry the decree into effect, and would change the relative positions of the parties from those existing at the time the decree was entered, and might render a reversal of the judgment entirely ineffectual." (See, also, *Stewart v. Superior Court,* 100 Cal. 543.)

The real controversy before the respondent court, as already shown, was as to which one of the systems of penmanship, whether the so-called Shaylor system or the California system, had been legally adopted and should be used in the public schools of said city and county. The court found in favor of the California system and against the Shaylor system, and decreed that the former system should be used and the latter should not be used.

It would require, however, like affirmative action on the part of the board of education to cause to be excluded from the public schools and cease to be used therein the Shaylor system as it would to cause to be used the California system in said schools. But it is conceded that the board of education cannot be required, pending the appeal, to cause to be used in said public schools the California system. And it seems equally clear that such board should not be compelled to carry out the other portion of the decree requiring them to cease using the said Shaylor system. The board should only be required to remain passive and take no action in favor of or against either of the real parties to the contest in said action, pending the appeal.

In seeking to compel the petitioners, the board of education, to carry out the portion of the decree in question, under the circumstances, pending an appeal from the whole of such decree, the respondent court exceeded its jurisdiction.

Let the writ issue as prayed.

Harrison, J., McFarland, J., Temple, J., and Beatty, C. J., concurred.