[Civ. No. 1299. First Appellate District, Division One.—November 24, 1925.]

## In the Matter of the Application of DANIEL O'CONNELL for a Writ of Habeas Corpus.

[1] INJUNCTIONS — DIVORCE — EXCLUSION OF HUSBAND FROM FAMILY DWELLING—APPEAL—STAY—CONTEMPT.—In an action for divorce, where plaintiff, in her pleadings, claims absolute ownership of a certain dwelling-house by virtue of a deed to her from defendant, and the latter alleges in his pleadings that said property constitutes a homestead and that plaintiff's title is merely that of a trustee, and both parties are in actual possession of said property, a writ of injunction enjoining defendant, during the pendency of the action, from entering said dwelling-house and from living therein is mandatory in its effect, and its operation is stayed by an appeal therefrom; and it is beyond the power of the trial court to punish as a contempt failure to comply with its mandatory terms pending appeal.

[2] ID.—RETENTION OF POSSESSION—APPEAL.—In such action, where it is undisputed, as a matter of fact, that up to the issuance of the order of exclusion defendant was holding joint possession of the dwelling-house under the marital relation, he is entitled to retain such possession until his appeal from said order is determined.

[3] ID.—DIVORCE — PROHIBITORY INJUNCTION — APPEAL—STAY.—In an action for divorce, where the trial court, in addition to excluding defendant from the family dwelling during the pendency of the action, enjoins defendant from annoying or harassing plaintiff in any way, and from attempting to cause or causing or ordering

---

1.   See 14 Cal. Jur. 281.
3.   See 14 Cal. Jur. 282.

or employing any person whatsoever to alter,. repair, or do any-
thing whatsoever on said dwelling, these latter features of the
injunction are purely prohibitory in their operation and, therefore,
self-executing, and their operation is not stayed by an appeal
therefrom.

(1) 19 C. J., p. 190, n. 87; 32 C. J., p. 388, n. 1.   (2) 19 C. J.,
p. 190, n. 87.   (3) 19 C. J., p. 190, n. 87.

PROCEEDING on Habeas Corpus to secure the release
of petitioner from custody under a judgment of contempt
of court.   Writ granted.

The facts are stated in the opinion of the court.

M. H. Hernan for Petitioner.

Keyes & Erskine and R. M. J. Armstrong for Respond-
ent.

KNIGHT, J.—The petitioner, Daniel O'Connell, by vir-
tue of a writ of injunction issued in a divorce proceeding
to which he was a party, was ordered excluded, during the
pendency of said action, from the dwelling-house thereto-
fore occupied by him with his wife under the marital re-
lation, and, for violating said injunction, was adjudged
guilty of contempt of court and sentenced to pay a fine
and to be imprisoned.   He now seeks release on *habeas cor-
pus.*

[1]   The circumstances leading up to the contempt pro-
ceedings are as follows: On June 2, 1923, petitioner, upon
his cross-complaint, obtained an interlocutory judgment of
divorce from Mrs. O'Connell, whereby the property in
question was assigned to him as his sole and separate prop-
erty.   Later, by a decree in equity, rendered in a suit com-
menced by Mrs. O'Connell in June, 1925, said interlocu-
tory judgment was annulled, upon the ground that said
interlocutory judgment had been obtained through ex-
trinsic fraud.   Thereupon Mrs. O'Connell, upon notice to
petitioner, applied for and was granted, in the divorce
proceeding, said writ of injunction, enjoining petitioner,
during the pendency of said action, "from entering the
dwelling-house now occupied by the said plaintiff and
know[n] and designated as No. 900 Balboa Street in the

City and County of San Francisco, State of California, and from living in said dwelling-house during the pendency of said action and from annoying or harassing the said plaintiff in any way during the pendency of said action and from attempting to cause or causing or ordering or employing any person whatsoever to alter, repair or do any work whatsoever on said dwelling during the pendency of said action." Petitioner perfected an appeal from the order granting said injunction and filed a stay bond, but nevertheless was thereafter adjudged guilty of contempt for having continued in the occupation of the premises in violation of the injunction.

The matter of the decree entered in the suit in equity is important in the instant proceeding only for the purpose of establishing the nullification of the interlocutory judgment of divorce, and in this respect it may be conceded that said decree constitutes a self-executing judgment, requiring no further process of enforcement, and became effective immediately; that until declared void or reversed on appeal, said decree rendered nugatory for all purposes said interlocutory judgment; and furthermore, that the operation of said decree in equity, as such self-executing judgment, was not stayed by the appeal therefrom so as to revive, pending appeal, the force and effect of said interlocutory judgment or any of the rights granted thereunder (*Tyler* v. *Presley*, 72 Cal. 290 [13 Pac. 856]; *Estate of Crozier*, 65 Cal. 332 [4 Pac. 109]; *Bateman* v. *Superior Court*, 139 Cal. 140 [72 Pac. 922]; *Foster* v. *Superior Court*, 115 Cal. 279 [47 Pac. 58]).

The controlling question presented for determination in this particular proceeding, however, relates to said writ of injunction, and not to said decree in equity. The question is whether said writ of injunction is mandatory or prohibitory in its nature and effect. If it be mandatory, its operation was stayed by appeal, and it was beyond the power of the court to punish as a contempt failure to comply with its mandatory terms pending appeal; but if it be prohibitory its operation could not be stayed by appeal and the enforcement thereof was at all times within the jurisdiction of the court (*Clute* v. *Superior Court*, 155 Cal. 15 [132 Am. St. Rep. 54, 99 Pac. 362]; *Marks* v. *Superior Court*, 129 Cal. 1 [61 Pac. 436]; *Foster* v. *Superior*

*Court,* 115 Cal. 279 [47 Pac. 58]; *Schwartz* v. *Superior
Court,* 111 Cal. 106 [43 Pac. 580]).

In the case of *Clute* v. *Superior Court, supra,* the board
of directors of a hotel corporation voted to remove Clute
from the office of treasurer and the position of manager,
and upon his refusal to turn over possession of the prop-
erty of said company, including the books, keys, and
money, commenced suit to compel him to do so; a tempo-
rary writ of injunction was obtained enjoining Clute from
collecting and disbursing any money belonging to said com-
pany, also from representing himself as manager and treas-
urer and "from interfering with, or directing, or attempt-
ing to direct or control the employees of said corporation."
Clute's answer to the complaint and the showing made by
him in response to the application for the injunction put in
issue the right of the persons seeking his removal to act as
a board of directors. From the order granting said writ of
injunction Clute took an appeal and thereafter prevented an
employee of said corporation from entering the hotel office
and taking possession of the keys and books, for which he
was adjudged guilty of contempt. Upon application by
Clute for a writ of review the supreme court said: "Upon
the question whether that injunction was mandatory or
purely prohibitory the present application depends. For it
is thoroughly settled that, while an injunction which merely
has the effect of preserving the subject of the litigation *in
statu quo* is not suspended by an appeal (*Merced Min. Co.*
v. *Fremont,* 7 Cal. 130; *Hienlen* v. *Cross,* 63 Cal. 44;
*Swift* v. *Shepard,* 64 Cal. 423 [1 Pac. 493]; *Dewey* v. *Su-
perior Court,* 81 Cal. 64 [22 Pac. 333]; *Rogers* v. *Superior
Court,* 126 Cal. 183 [58 Pac. 452]), a mandatory injunc-
tion, i. e., one which compels affirmative action by the de-
fendant, cannot be enforced pending a duly perfected ap-
peal. (*Foster* v. *Superior Court,* 115 Cal. 279 [47 Pac.
59]; *Marks* v. *Superior Court,* 129 Cal. 1 [61 Pac. 436];
*Schwarz* v. *Superior Court,* 111 Cal. 106 [43 Pac. 580];
*Stewart* v. *Superior Court,* 100 Cal. 543 [35 Pac. 156,
563].) If an injunction, though couched in terms of pro-
hibition, is mandatory in effect, a proceeding by the court
issuing it to punish a violation as a contempt is in the
nature of process for the enforcement of the affirmative
feature of the writ. It may be likened to an execution,

and, if the enforcement of the injunction has been stayed by an appeal, a writ of *supersedeas* may properly be issued by the appellate court to arrest further action by the court below. *Tyler* v. *Presley*, 72 Cal. 290 [13 Pac. 856], and *Dulin* v. *Pacific W. & C. Co.*, 98 Cal. 304 [33 Pac. 123], relied on by respondent, decide nothing in conflict with this view. Both cases dealt with judgments which were operative without any action by the court in which they had been rendered. All that was held was that *supersedeas* was not applicable to such self-executing judgments. At the hearing of the present application, all the allegations of the petition were admitted to be true. Upon the facts set forth, we think it clear that the injunction in question was mandatory. If Clute was in the actual possession of the hotel and the personal property in it, an order punishing him for preventing another person from entering and taking charge of the books, keys, and other property could have no other purpose or effect than to compel him to turn over his possession to such other, or at least to surrender his theretofore exclusive possession." Later on in the opinion, in discussing the claim made by Clute that the parties seeking to oust him were not the directors of said company, the court said: "If his contention was correct, the effect of the order appealed from was to require the possession of the corporate property to be transferred from the corporation itself to strangers. The *status* of the parties, at the time the injunction was issued, was this: Clute, claiming to hold on behalf of the corporation, was resisting a right of entry claimed by persons who, as he asserted, had no authority from the corporation to take possession. An order turning over the control of the property from him to the other claimants would certainly, if executed, operate to change the *status*. The injunction was, therefore, mandatory in effect, and this regardless of the fact that, in law, the corporation rather than Clute, may be said to have been in possession. It is, therefore, unimportant that the court inserted in its order of commitment a finding that Clute was not in possession of the hotel or its contents. For the purpose of determining the effect of this injunction as mandatory or prohibitory, we must consider the result of an enforcement of the writ on the position of the defendant, as asserted

in the court below. If the injunction compels him affirmatively to surrender a position which he holds, and which, upon the facts alleged by him, he is entitled to hold, it is mandatory."

These same legal principles are found in the case of *Marks* v. *Superior Court,* 129 Cal. 1 [61 Pac. 436], wherein some of the earlier cases upon this subject are reviewed, and it was there said: "An injunction, though restrictive in form, if it have the effect to compel the performance of a substantive act, is mandatory and necessarily contemplates a change in the relative positions or rights of the parties from those existing at the time the injunction is issued or the decree is entered."

In the instant case, upon the rendition of said decree in equity, the parties to said divorce proceeding, by operation of law as well as by the express declaration of said decree itself, were restored to the same position as if said interlocutory judgment had never been entered. In reference to the question of the ownership of said property said decree in equity specifically adjudged "that nothing herein shall be construed as an adjudication by the court of the title or ownership of the real property described in the complaint on file herein." It follows that the effect of said decree was merely to again place said divorce action at issue, Mrs. O'Connell claiming, in her pleadings therein, absolute ownership in said property by virtue of a deed to her from petitioner, and petitioner alleging in his pleadings that said property constituted a homestead and that Mrs. O'Connell's title was merely that of a trustee; and both parties were in actual possession of said property. In that state of the record the plain effect of said injunction *pendente lite,* in relation to the occupancy of said premises, was to oust petitioner from the possession which he theretofore held and to compel him to turn over to the other party to the litigation, prior to final determination of their respective rights in said property, the sole and exclusive possession thereof. Manifestly, said injunction, in the respect noted, did not operate merely to preserve *in statu quo* the subject of the litigation, but went further to the extent of attempting to change the *status* of the parties in relation to the possession of the property in dispute. Therefore, in view of the authorities above cited it must

be held that in so far as said injunction sought to exclude petitioner from said premises, it was mandatory in its effect and consequently its operation was stayed by the appeal therefrom.

[2] The contention made on behalf of Mrs. O'Connell that she is entitled to the temporary exclusive possession of said premises on account of the fact that she holds record title thereto under a deed from petitioner is untenable, for the reason that the validity of her title under that deed has been placed in issue by petitioner's cross-complaint, and it is undisputed, as a matter of fact, that up to the time of the issuance of the order of exclusion, he was holding joint possession of said property under the marital relation and, therefore, entitled to retain such possession until the appeal from said order is determined (*Clute* v. *Superior Court, supra*). We are not unmindful that it has been held in this state that a wife in an ejectment suit may sue her husband to recover possession of property belonging to her separate estate and for damages for withholding the possession thereof (*McDuff* v. *McDuff*, 45 Cal. App. 53 [187 Pac. 37]). But the suit here, out of which this injunction issued, is not one in ejectment based upon said deed, and, moreover, is readily distinguishable, by the facts, from the case last above cited, because in the decision in that case it is expressly stated that "at the time of the commencement of the action the house was not the family dwelling place. The parties were living separate and apart . . . the husband was not asserting his personal marital right of living in the family home (under section 157 of the Civil Code, which provides in part that neither the husband nor the wife can be excluded from the other's dwelling), but was holding possession of the wife's separate property adversely to her as the owner." Furthermore, in the case last cited the question of the exclusion of the husband from the property pending trial and prior to final determination of the action was not involved. Whether or not, in view of the provision of said section 157 of the Civil Code above adverted to, the court in the instant proceeding may in any event, under the circumstances present, exclude petitioner from the dwelling-house, prior to final determination of the action is a question that is not before us in this proceeding, it being the subject of

petitioner's appeal from the order granting said injunction.

[3]     The remaining features of said injunction, wherein petitioner was enjoined from harassing and annoying or otherwise interfering with the person of Mrs. O'Connell, and from making any alterations in said premises, are, we believe, purely prohibitive in their nature, and therefore self-executing and not stayed by appeal. Those features become immaterial here, however, owing to the fact that the act for which petitioner was adjudged guilty of contempt was his refusal to discontinue in the occupation of the premises, no point being made on behalf of Mrs. O'Connell of any other contemptuous act.

Having reached the conclusion that the appeal from the order granting said injunction *pendente lite* stayed the operation of that injunction in so far as it attempted to compel petitioner to surrender the possession theretofore held by him, it becomes unnecessary to consider the other points raised by petitioner in this proceeding.

The writ is granted and the petitioner is discharged from custody.

Tyler, P. J., and Cashin, J., concurred.