[Crim. No. 1358. First Appellate District, Division Two.—December 2, 1926.]

## In the Matter of the Application of DANIEL O'CONNELL for a Writ of Habeas Corpus.

[1] DIVORCE—ORDER TO SHOW CAUSE—INSUFFICIENT COMPLAINT—DEMURRER.—In a divorce proceeding, where an order to show cause citing the husband to appear and show cause why a temporary injunction *pendente lite* should not be issued restraining him from entering and living in the family dwelling-house "referred to in the complaint in this action," from making any repairs or improvements upon said dwelling-house, and from annoying or harassing plaintiff in any way, is noticed upon the complaint for divorce only, and such complaint does not specify or mention any property of any character and does not charge defendant with any misuse of the property involved or with any mistreatment of plaintiff, there is no foundation for the application for such temporary injunction, and defendant's demurrer should be sustained.

[2] ID.—INTERLOCUTORY DECREE—ADJUDICATION OF PROPERTY RIGHTS. In such action, where plaintiff's complaint for divorce was dismissed, and an interlocutory decree was awarded to defendant on his cross-complaint, and such decree awarded the property of the parties to defendant, and no appeal was taken from such interlocutory judgment, it became a final and conclusive adjudication of the property rights of the parties.

[3] ID. — FINAL DETERMINATION OF ACTION — SUBSEQUENT INJUNCTION PENDENTE LITE — JURISDICTION. — Where, after said interlocutory judgment in favor of defendant had become final, and after the lapse of one year, defendant's motion for a final decree of divorce on his cross-complaint in such action was denied upon the grounds that the parties had become reconciled and were living together as husband and wife, this was a final determination of the divorce proceeding in so far as the marital status of the parties

2. See 9 Cal. Jur. 762.

was concerned, and there was nothing pending in the trial court, and that court was without jurisdiction thereafter to order an injunction *"pendente lite"* in said action.

(1) 19 C. J., p. 106, n. 69.    (2) 19 C. J., p. 338, n. 22.    (3) 19 C. J., p. 106, n. 70 New.

PROCEEDING in Habeas Corpus to secure the release of petitioner from custody for contempt in failing to obey a temporary injunction. Writ granted.

The facts are stated in the opinion of the court.

Daniel O'Connell, *in pro. per.*, for Petitioner.

Keyes & Erskine for Respondent.

NOURSE, J.—This is a proceeding in *habeas corpus.* The petitioner was sentenced to a term in the county jail for contempt in failing to obey a temporary mandatory injunction ordering him to vacate his home which he had occupied with his wife for more than ten years past. The application is contested by petitioner's wife, at whose instance the contempt order was made, and on the hearing both parties put in evidence records of legal proceedings had between the parties extending over a long period of time. The facts herein stated are taken from this record and are not disputed.

The parties were married on February 20, 1912, and lived together as husband and wife in the home property here in controversy until September 7, 1920, when the petitioner was taken to the federal prison at McNeil's Island to serve a sentence under a judgment of the federal court. On the 9th of August, 1917, about the time this judgment was entered, the petitioner conveyed the property to his wife in trust for the purpose of securing a bail bond for his release pending appeal. On February 28, 1922, while the petitioner was still confined in the federal prison, his wife commenced an action for divorce upon the sole ground of his conviction and made no mention in her complaint of the property and did not ask for any relief so far as the property was concerned.

The petitioner answered this complaint and filed a cross-complaint setting up all the facts relating to the transfer and ownership of the property and alleging cruelty on the part of the wife. He prayed for a divorce on that ground and for an award of the property. On his return from McNeil's Island in May, 1923, the petitioner and his wife continued to live in their home property, but whether they resumed the relation of husband and wife is a matter in dispute. On June 2, 1924, after due notice and hearing, the wife's complaint for a divorce was dismissed and this petitioner was awarded an interlocutory decree of divorce on his cross-complaint. At that time the trial court found that the transfers of the property to petitioner's wife were without consideration and decreed that the entire estate therein should be granted to this petitioner. Notice of entry of this decree was duly served on June 5, 1924, and, no appeal or other proceeding to set it aside having been taken, it became a final and conclusive determination of the property rights of the parties. (*Abbott* v. *Superior Court*, 69 Cal. App. 660, 664 [232 Pac. 154]; *Bacigalupi* v. *Bacigalupi*, 72 Cal. App. 654, 658 [238 Pac. 93].) On May 20, 1924, the wife of petitioner, without notice, procured an order of court setting aside this interlocutory decree, but on June 30th following this order was vacated on the ground that it had been in excess of the jurisdiction of the court. Upon the expiration of the period of one year after the entry of the interlocutory decree the petitioner herein applied to the court for entry of a final decree of divorce, but this was denied on July 23, 1925, on the ground that the parties had cohabited as husband and wife since the entry of the interlocutory decree. From this order the petitioner on September 1, 1925, took an appeal which does not appear to have been determined. Before the appeal was taken, but after the entry of the order of July 23, 1925, an order to show cause was issued in the divorce proceeding citing the defendant therein (the petitioner herein) to appear and show cause why a temporary injunction *pendente lite* should not be issued restraining said defendant from entering and living in the dwelling-house "referred to in the complaint in this action," from making any repairs or improvements upon said dwelling-house, and from annoying or harassing the plaintiff in any way. The order to show cause was issued

upon the complaint of the plaintiff on file in the divorce case and constituted the notice of motion for an injunction which was subsequently heard. On September 10, 1925, the order to show cause and application for an injunction was heard and a temporary injunction was ordered issued enjoining the defendant during the pendency of the action from doing any of the acts mentioned in the order to show cause. On September 14, 1925, a paper designated "temporary injunction" was filed, signed by the judge of the court. Appeals were taken from this order, from the temporary injunction, and from the order refusing to vacate this injunction.

Pending this appeal the petitioner's wife procured an order citing the petitioner for contempt for failing to obey this injunction and he was committed. From the commitment the petitioner sued out a writ of *habeas corpus* to the first division of this court, where the contempt proceedings were held void and the petitioner was released from custody for the very obvious reason that the trial court was without jurisdiction to punish the petitioner for contempt of a mandatory injunction which was stayed by appeal. (*In re O'Connell*, 75 Cal. App. 292 [242 Pac. 741].)

Thereafter the wife moved in the supreme court to dismiss the appeal from the injunction of September 14, 1925, and this motion was granted without opposition. The petitioner was then cited again for contempt and was committed on September 8, 1926, for violating the terms of the "injunction issued out of this court on the 10th day of September, 1925."

At the hearing of the trial court, as well as in the presentation of this application for a writ of *habeas corpus,* the petitioner has urged that the entire contempt proceedings are void because the trial court had no jurisdiction to issue the injunction and that, in any event, the proceedings are stayed because there is still pending in the supreme court a perfected appeal from the order of September 10, 1925, granting the injunction and from the order refusing to dissolve the injunction as issued. On the second point the argument is that the motion to dismiss the appeal designated the appeal from the injunction signed by the trial judge and filed September 14, 1925; that this was not an appealable order and appellant did not contest the motion for that

80 Cal. App.—9

reason, and that the two separate appeals from the order for an injunction dated September 10th and from the order refusing to dissolve the injunction are still pending and stay all proceedings in contempt. It is not necessary to pass upon this question because we are satisfied that the trial court was wholly without jurisdiction to issue the injunction in the first instance and that with the fall of that order the contempt proceedings must fall.

Section 527 of the Code of Civil Procedure authorizes an injunction *pendente lite* ''at any time *before judgment* upon a verified complaint, or upon affidavits if the complaint . . . or the affidavits'' show sufficient ground therefor. [1] The order to show cause for the injunction noticed the application upon the plaintiff's complaint for divorce only. This complaint did not specify or mention any property of any character and did not charge defendant (this petitioner) with any misuse of the property involved or with any mistreatment of the plaintiff. There was, therefore, no foundation for the application in the first instance, and the defendant's demurrer should have been sustained.

[2] Prior to the issuance of the order to show cause an interlocutory judgment in divorce which specifically awarded this property to this petitioner was entered. This interlocutory judgment was not appealed from and became a final and conclusive adjudication of the property rights of the parties. (*Bacigalupi* v. *Bacigalupi,* 72 Cal. App. 654, 658 [238 Pac. 93] ; *Pereira* v. *Pereira,* 156 Cal. 1, 9 [134 Am. St. Rep. 107, 23 L. R. A. (N. S.) 880, 103 Pac. 488] ; *Estate of Bollinger,* 170 Cal. 380, 383 [149 Pac. 995].)

More than one year prior to the issuance of the temporary injunction an order had been entered dismissing plaintiff's complaint for divorce for want of prosecution. No appeal was taken from that order. On July 23, 1925, petitioner's motion for a final decree of divorce on his cross-complaint was denied upon the grounds (as found by the trial court) that the parties had become reconciled and were living together as husband and wife. This was a final determination of the divorce proceeding in so far as the marital status of the parties was concerned.

[3] When, therefore, the court, on September 10th following, issued its temporary injunction *''pendente lite''* there

was nothing pending in the action. This injunction was issued after final judgment dismissing plaintiff's action for divorce, after final judgment disposing of the property rights of the parties and after final judgment denying a final decree of divorce of the marital status based upon petitioner's cross-complaint. The order for a temporary injunction was directly contrary to the express provisions of section 527 of the Code of Civil Procedure, and was beyond the court's jurisdiction. This is not a case where an injunction is necessary to preserve the *status quo* pending an appeal such as *City of Pasadena* v. *Superior Court,* 157 Cal. 781, 788 [21 Ann. Cas. 1355, 109 Pac. 620], and *Tulare Irr. Dist.* v. *Superior Court,* 197 Cal. 649 [242 Pac. 725]. This is so because no appeal was taken from the interlocutory decree—the only judgment or order disposing of or affecting the property in suit. There was, therefore, no subject matter involved in any litigation before either the trial or appellate court to which an injunction *"pendente lite"* might relate.

The writ is granted and the prisoner is discharged.

Sturtevant, J., concurred.